60452. BURNETTE v. THE STATE.

SMITH, Judge.

Appellant was convicted of possession of marijuana with intent to distribute. He appeals, asserting that the trial court erred in denying appellant's motion for continuance and his motion to suppress. We affirm.

1. Appellant was arrested in July, 1979. On September 17, 1979, appellant appeared in court for arraignment and entered a plea of not guilty. He was not accompanied by counsel. Appellant was instructed to return the following Monday (September 24) with his attorney and be prepared for trial. When appellant's case was called for trial, his counsel moved for a continuance on the ground that appellant "indicated to me that he appeared at a preliminary hearing and said at the preliminary hearing, he was not guilty and that the preliminary hearing had been rescheduled for one week." Appellant's counsel had not inquired further about the status of appellant's case. Appellant had received a notice of *arraignment* by mail, and appellant's counsel was informed the day after arraignment that appellant had signed the indictment at the time of entering his plea. Under these circumstances, we find no abuse of discretion in the trial court's denial of appellant's motion for continuance. See *McLendon v. State,* 123 Ga. App. 290 (180 SE2d 567) (1971).

2. The trial court heard evidence outside the presence of the jury relating to the allegedly unconstitutional seizure of contraband. However, prior to receiving this evidence, the trial court stated: "Before we go any further into this, let me say that it is the view of the Court that raising the issue of a violation of Fourth Amendment rights comes too late. But the Court will go into this, first, outside the presence of the Jury, just to see what the facts are. But I am still of the view that the challenge comes too late." At the conclusion of the hearing, the trial court stated: "I still don't concede that a motion to

suppress has been filed in a timely fashion but I did want the record to reflect whether one would have merit or not ... And it will be the view of the Court that even if a motion to suppress had been filed on time, it would have been overruled." No written motion to suppress had been filed at the trial or at any time prior thereto. See *Miller v. State,* 238 Ga. 560, 562-563 (233 SE2d 793) (1977).

On September 27, 1979, three days after verdict, appellant filed a written motion to suppress. The motion was not timely, and the trial court did not err in denying it. *Hawes v. State,* 240 Ga. 327, 333 (240 SE2d 833) (1977). "Failure to interpose a timely motion to suppress in compliance with [Code § 27-313] amounts to a waiver of the constitutional guaranty in respect to the search and seizure in question. *Gilmore v. State,* 117 Ga. App. 67 (2)." *Brannen v. State,* 117 Ga. App. 69 (159 SE2d 476) (1967).

3. Appellant contends that "[o]nce the results of the search are removed from the record, no evidence is presented to authorize this conviction." In view of our holding in Division 2 of this opinion, appellant's contention regarding the sufficiency of the evidence need not be considered.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

SUBMITTED SEPTEMBER 3, 1980 — DECIDED NOVEMBER 13, 1980.

*Norman Smith,* for appellant.
*E. Byron Smith, District Attorney,* for appellee.