37331, 37416. DEVIER v. THE STATE (two cases).

MARSHALL, Justice.

The appellant was indicted for rape and murder in the Floyd Superior Court. He filed a plea to the jurisdiction and venue of the superior court. In this plea, he attacks the constitutionality of a mid-19th century statute adding to Floyd County the land lot in which the crimes here were allegedly committed. The appellant also filed a motion to suppress items of clothing seized from his trailer, on the ground that the allegations of the police officer's affidavit were insufficient to authorize the justice of the peace (referred to, infra, as magistrate) in finding probable cause to issue the search warrant.

The plea to the venue and motion to suppress were overruled by the superior court. We granted the appellant's applications to appeal. Case No. 37331 is the appeal from the overruling of the plea to the venue. Case No. 37416 is the appeal from the overruling of the motion to suppress.

*Venue*

1. The crimes are alleged to have been committed in Floyd County, Land Lot 61, 16th District, 3rd Section.

This land lot was added to Floyd County by the enactment of Ga. Laws 1851-52, pp. 65-66, which is entitled: "An Act to alter or change the line between the Counties of Lee and Sumter so that Lot 53 in the 15th District of Sumter, wherein Moses W. Bryan resides, shall be added to and included in the County of Lee; and to change the line between Counties of Lumpkin and Hall, between the Counties of Cobb and Cherokee, *and other lines named therein.*" (Emphasis supplied.) Although the title of the Act does not expressly state, in the body of the Act the boundary line between Floyd County and Cass County (now Bartow County) is changed so as to include various specified land lots within Floyd County. One of the land lots so

included in Floyd County is Land Lot 61.

2. The appellant argues that since there is no expression in the title of the Act that the boundary line of Floyd County is being changed, the Act is violative of Art. III, Sec. VII, Par. IV of the Georgia Constitution (Code Ann. § 2-1304): "No law shall pass which refers to more than one subject matter, or contains matter different from what is expressed in the title thereof." We agree with the superior court that this argument is without merit.

"In interpreting Code Ann. § 2-1304, this court has consistently noted that 'It was never intended that the substance of the entire act should be set forth in the caption. It was not contemplated that every detail stated in the body should be mentioned in the caption. If what follows after the enacting clause is definitely related to what is expressed in the title, has a natural connection, and relates to the main object of legislation, and is not in conflict therewith, there is no infringement of the constitutional inhibition.' *Cady v. Jardine,* 185 Ga. 9, 10-11 (193 SE 869) (1937)." *Frazer v. City of Albany,* 245 Ga. 399, 401 (265 SE2d 581) (1980). "The constitution does not require that the title of an act should contain a synopsis of the law, but that the act should contain no matter variant from the title. If the title is descriptive generally of the purposes of the act, it is sufficient, and it is not necessary that it should particularize the several provisions contained in the body of the act." *Howell v. State,* 71 Ga. 224 (1883).

As held in *Martin v. Broach,* 6 Ga. 21 (2) (1849), "Where the title specifies some of the objects for which the Statute was passed, and contains this general clause — 'And for other purposes therein contained,' portions of the Act not specially indicated in the title, are, nevertheless, good, under this general clause." This is essentially what we have here. Therefore, we hold that this Act does not run afoul of Code Ann. § 2-1304.

## Motion to Suppress

3. It was stipulated below that the allegations in the police officer's sworn affidavit constitute the sole basis for the magistrate's finding of probable cause and consequent issuance of the search warrant.

The allegations of probable cause contained in the affidavit are as follows: "I, R. A. Sullivan, being duly sworn as Investigator and Deputy Sheriff of Bartow County, Georgia, make this affidavit, based on below listed information and probable cause . . . that on Saturday morning, December 1, 1979, the body of Mary Frances Stone was found murdered in Bartow County, Georgia . . . Information received from witnesses on November 30, 1979, and December 1, 1979,

indicate that a vehicle fitting the description of the suspect, Darrell Devier's vehicle was seen at victim's driveway where she was kidnapped. Witness also identified picture of suspect as fitting description of suspect seen in vehicle in area. Also by statement from suspect that he knew the victim, had watched her kick her legs up practicing with the baton. Also information from Rome City Police Dept., that suspect had been a suspect in a very similar case in Floyd County, Ga. Based on above information, I, R. A. Sullivan, request search warrant for trailer described above. 1. Witness seen vehicle fitting suspect's vehicle back out of victim's driveway at time victim disappeared. 2. Witness, that picked suspect's picture out of line-up of pictures, saying suspect fit description of suspect seen where victim taken from driveway. 3. Suspect's own statement that he had seen victim before and that he (suspect) was in area when victim disappeared. 4. Information from Rome City Police that same suspect has been questioned in a crime with identical M. O. as the one in Bartow County."

4. The question for decision is whether these allegations of the affidavit, which are based on hearsay information, were sufficient to authorize the magistrate in finding probable cause.

The rule is that an affidavit supporting a search warrant may be based on hearsay information so long as there is a substantial basis for crediting the hearsay. Spinelli v. United States, 393 U. S. 410 (89 SC 584, 21 LE2d 637) (1969); United States v. Ventresca, 380 U. S. 102 (85 SC 741, 13 LE2d 684) (1965); Aguilar v. Texas, 378 U. S. 108 (84 SC 1509, 12 LE2d 723) (1964); Rugendorf v. United States, 376 U. S. 528 (84 SC 825, 11 LE2d 887) (1964); Jones v. United States, 362 U. S. 257 (80 SC 725, 4 LE2d 697) (1960). When an application for a search warrant has been made by the police to a neutral and detached magistrate, and the magistrate has issued the warrant based on a finding of probable cause, a reviewing court will pay substantial deference to the magistrate's finding. Aguilar v. Texas, supra.

Here, the magistrate was apprised of the fact that a murder had been committed. The magistrate was informed that witnesses placed the suspect and his vehicle, not only in the area of the victim's residence at the time of the crimes, but in her driveway as well. In addition, it was stated in the search warrant affidavit that the suspect admitted being in the area at the time.

In our opinion, this information was sufficient to authorize the magistrate in finding probable cause to exist for issuance of the warrant to search the trailer described in the affidavit, which was the suspect's residence. Accordingly, we hold that the magistrate's probable-cause determination is entitled to judicial deference.

5. In so holding, we have not ignored the argument that the

information contained in this affidavit was not plenary enough to satisfy the two-pronged Aguilar-Spinelli test.

Aguilar and Spinelli hold that where an affidavit for a search warrant is based on information received from a confidential informant, there must be a showing made to the magistrate of: (1) the reliability of the informant, and (2) the underlying facts and circumstances corroborative of the informant's tip. *Simmons v. State,* 233 Ga. 429 (211 SE2d 725) (1975) and cits; *Davis v. State,* 129 Ga. App. 158 (198 SE2d 913) (1973). However, the Aguilar-Spinelli mode of analysis does not apply with full force to hearsay allegations in an affidavit which come from someone other than a confidential informant. "Where the hearsay comes from a confidential informant — as likely as not a member of the criminal community and frequently one who is providing information in order to escape prosecution himself — the Aguilar standards are readily applicable. E.g., *Love v. State,* 144 Ga. App. 728 (II. C.1) [242 SE2d 278] (1978). But where the hearsay declarant is an identified interested citizen or, especially, an identified government official or police officer, the credibility is not as suspect and the analysis is not as stringent. People v. Glaubman, 485 P2d 711 (Colo. 1971); Walker v. State, 196 S2d 8 (Fla. [App.] 1967)." *Tuzman v. State,* 145 Ga. App. 761, 766 (244 SE2d 882) (1978). *Miller v. State,* 155 Ga. App. 399, 400 (270 SE2d 822) (1980). See also United States v. Harris, 403 U. S. 573 (91 SC 2075, 29 LE2d 723) (1971).

As to a noninformant hearsay declarant, Aguilar-Spinelli would seem to require the affidavit for a warrant to contain a showing: (1) that the hearsay information is based on personal observations of the hearsay declarant, and not rumor and speculation, or conclusory allegations of the affiant, *Simmons v. State,* 233 Ga. 429, supra, and cit.; and (2) that the hearsay declarant is reliable — as by stating that he or she is a police officer, the victim of the crime, a law-abiding and trustworthy citizen, or even a declarant against penal interest. *Simmons v. State,* supra; *Baxter v. State,* 134 Ga. App. 286 (1) (214 SE2d 578) (1975); *State v. Causey,* 132 Ga. App. 17 (207 SE2d 225) (1974); *Davis v. State,* 129 Ga. App. 158, supra. See generally Ga. Crim. Trial Prac., § 4 (1977).

6. Here, we hold that the magistrate was authorized to conclude that the allegations of the affidavit were based on the personal observations of at least one of the witnesses: the witness who picked the suspect out of the line-up. And, nothing to the contrary having appeared from or been suggested by the information in the affidavit, we hold that the magistrate was authorized in assuming that, of the various apparently disinterested witnesses referred to in the affidavit, at least one of them was a law-abiding and trustworthy

citizen.

7. To hold that the magistrate was not authorized in finding probable cause because the search warrant affidavit did not contain part or all of the foregoing information would be to reverse on technical grounds which could be facilely avoided if the law enforcement officer drawing the affidavit was versed in the law. Policy statements enunciated in United States v. Ventresca, 380 U. S. 102, supra, pp. 108-109, caution against such reversals:

"[T]he Fourth Amendment's commands, like all constitutional requirements, are practical and not abstract. If the teachings of the Court's cases are to be followed and the constitutional policy served, affidavits for search warrants, such as the one involved here, must be tested and interpreted by magistrates and courts in a commonsense and realistic fashion. They are normally drafted by nonlawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area. A grudging or negative attitude by reviewing courts toward warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting.

"This is not to say that probable cause can be made out by affidavits which are purely conclusory, stating only the affiant's or an informer's belief that probable cause exists without detailing any of the 'underlying circumstances' upon which that belief is based. See Aguilar v. Texas, supra. Recital of some of the underlying circumstances in the affidavit is essential if the magistrate is to perform his detached function and not serve merely as a rubber stamp for the police. However, where these circumstances are detailed, where reason for crediting the source of the information is given, and when a magistrate has found probable cause, the courts should not invalidate the warrant by interpreting the affidavit in a hypertechnical, rather than a commonsense, manner. Although in a particular case it may not be easy to determine when an affidavit demonstrates the existence of probable cause, the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants."

*Judgments affirmed. All the Justices concur.*

DECIDED MAY 13, 1981 —
REHEARING DENIED JUNE 2, 1981.

*Duffey & Duffey, Harl C. Duffey, Jr.,* for appellant.
*Larry Salmon, District Attorney, Arthur K. Bolton, Attorney*

*General,* for appellee.