399 So.2d 527 (1981)
STATE of Florida, Petitioner,
v.
Joseph RUSH, Respondent.
No. 81-546.
District Court of Appeal of Florida, Second District.
June 10, 1981.
*528 Jim Smith, Atty. Gen., Tallahassee, and James S. Purdy, Asst. Atty. Gen., Tampa, for petitioner.
Fred Pflaum of Ginsburg, Byrd, Jones & Pflaum, P.A., Sarasota, for respondent.
CAMPBELL, Judge.
The state petitions for a writ of common law certiorari seeking this court's review of a pretrial ruling which granted respondent's motion in limine.
The state filed an information against respondent charging him in Count I with lewd and lascivious assaults upon his step-daughter, and in Count II with the same offense against a babysitter. Both girls were under the age of fourteen and both offenses took place within the respondent's home. The alleged offenses against the stepdaughter occurred over a period of several years and involved a greater degree of sexual molestation than did the incident involving the babysitter. The alleged single incident involving the babysitter occurred when the respondent attempted to fondle the babysitter's breasts while she was holding his one-year-old child.
Respondent's motion was based on the lack of sufficient similarities in the incidents involving the two minor girls so as to bring them within the application of the rule of admissibility laid down in Williams v. State, 110 So.2d 654 (Fla. 1959), and codified in the Florida Evidence Code, section 90.404(2), Florida Statutes (1979).
The trial court was confronted with the decision of this court in Duncan v., State, 291 So.2d 241 (Fla.2d DCA 1974), and the divergent opinion of the First District in Cotita v. State, 381 So.2d 1146 (Fla. 1st DCA 1980), both of which construed the Williams Rule concerning admissibility of similar fact evidence in cases involving child sexual offenders. Notably, both cases were decided prior to the effective date of the Florida Evidence Code. The trial court, though it preferred the rationale of Cotita, felt bound by this court's decision in Duncan. Because the trial judge properly followed the rule of law announced by this court in Duncan and as codified in the Florida Evidence Code, we cannot find that he departed from the essential requirements of law as it existed when he made his ruling. Accordingly, since we cannot make such a finding, we cannot grant certiorari. However, we do not feel that a simple denial of certiorari is adequate in this case and feel compelled to comment further.
The trial court in this case felt compelled by Duncan to grant the motion in limine and also to sever the two counts and require them to be tried separately. Section 90.404(2), which codifies Williams and Duncan, also dictates the ruling entered by the trial court. However, the trial judge was deeply troubled by his ruling and expressed his concern as follows:
I think it's an anachronism, and nowhere present in any other phase of the law except sexual offenses, which portrays, ... an insensitivity of appellate judges relative to the pragmatics of the administration of justice at the trial level and at the community level, ... [W]hich means that some old man can molest twelve kids in his home and not be able to be charged with more than one at a time under existing law, ... which is absurd... .
... .
... I hope that you [state] will appeal both, so that they will have both of these absurdities for their consideration, and I hope they will change their minds, which means that I'm going to grant your motion in limine... .
We are sympathetic to the frustrations of the trial judge and the public regarding the state of the law with respect to admissibility of similar fact evidence in child sexual molestation cases. We, too, feel a time for change has come. However, since the adoption of the Florida Evidence Code, any change must now come from the legislature and not from the courts.
The issue that concerned the trial judge and that troubles the public is the prohibition *529 by the Williams Rule and section 90.404(2) of the use of similar fact evidence to prove propensity in child sex molestation cases.
By their very nature, child sexual molestation cases occur, more often than not, in seclusion without other witnesses present. It is suspected that an in-depth study of such incidents would demonstrate that the actions of the aggressor constitute a pattern of conduct rather than an isolated incident. The public and trial judges have long been outraged by a pattern of conduct in child molestation cases that start out with minor incidents of sexual assault, if there are such, and culminate in the death of the frightened child victim who is killed to ensure silence. See generally Comment, Defining Standards For Determining The Admissibility of Evidence of Other Sex Offenses, 25 U.C.L.A.L.Rev. 261 (1978).
The Williams Rule was created by the supreme court to clear the air and resolve the confusion that existed in this area of the law. The court analyzed all of the divergent opinions and announced the rule that similar fact evidence is admissible even though it points to the commission of another crime as long as the sole relevancy of the evidence does not show the character or propensity of the accused. In doing so, it recognized the admissibility of similar fact evidence in the state's case-in-chief where "[i]t was relevant to meet the anticipated defense of consent." Williams v. State, 110 So.2d at 663. Using such a standard of relevance we could broaden admissibility to rebut not only the anticipated defense of consent but also to prove absence of mistake or accident as the Florida Evidence Code has provided. However, to carve out such further exceptions or extensions of the Williams Rule or to try to fit such evidence within the enumerated relevant factors specified in the Florida Evidence Code is to beg the question. In Cotita, the majority approved the admission of the similar fact evidence on the grounds that it "was relevant to the alibi defense and in addition to establish `a pattern of criminality', a category of admissibility recognized by the Florida Supreme Court in The Williams Case... ." Cotita v. State, 381 So.2d at 1147.
In his dissent in Cotita, Judge Robert P. Smith, Jr. asserted that the theme of the majority opinion was "that other-crimes evidence is now relevant for precisely those qualities, its showing of bad character and criminal sexual propensities, which for 150 years have been the cause for restricting its use." 381 So.2d at 1151-52. Judge Smith concludes his dissent by saying:
I confess I am not at all sure that Williams' unyielding bar of other-crimes evidence, proving propensity alone, should stand in prosecutions like this, not involving identity issues, for sex offenses against children. It may be that the nature of the offense and the usual difficulties of proving it can justify propensity evidence against the long-honored policy excluding it. (citations omitted)
Id. at 1153-54.
We concur with that statement by Judge Smith and would suggest that it is now time for the legislature to clear the air and recognize that a change in the rule of admissibility of similar fact evidence in child sexual molestation cases is warranted and badly needed. As alluded to before, we believe that it is likely that there are available statistics to show that those who commit child sex offenses have a propensity to commit that peculiar type of offense, that it is inherent in the nature of the crime itself, and being so inherent the propensity itself becomes a relevant factor.
It must be apparent from this opinion that had this cause come to this court following a conviction of the defendant after the similar fact evidence was admitted, absent the Florida Evidence Code we would probably have overruled Duncan and affirmed. Since that is not the posture of this case and in view of section 90.404(2), we cannot say that the trial court departed from the essential requirements of law.
The petition is accordingly denied.
SCHEB, C.J., and GRIMES, J., concur.