DECIDED JULY 2, 1982.

*Robert D. Brooks, Catherine B. Lerow,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, J. Wallace Speed, Assistant District Attorneys,* for appellee.

63795. WILCOXEN v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was indicted in two counts for the offense of child molestation and one count of sodomy. The jury returned a verdict of guilty as to each count, and defendant was sentenced to serve a term in confinement. A motion for new trial was filed and denied. Defendant appeals. *Held:*

1. Certain physical evidence introduced at trial was obtained during the search of a motel room rented to one Francis N. Hardy (See *Hardy v. State,* 162 Ga. App. 797 (292 SE2d 902). Defendant now contends that the search of the motel room on authority of a warrant and seizure of certain items therefrom was illegally conducted in violation of certain constitutional protections. However, defendant has failed to interpose a timely motion to suppress the items seized from the motel room rented to Francis N. Hardy in compliance with Code Ann. § 27-313 (Ga. L. 1966, pp. 567, 571) and such failure amounts to a waiver of defendant's constitutional guaranty in respect to the search and seizure in question. *Burnette v. State,* 156 Ga. App. 441, 442 (2) (275 SE2d 94).

Defendant also contends that the exhibits taken from the motel room were not relevant to the case against him. These exhibits consisted primarily of still and moving photographs of nude male teenagers, along with related photographic material and supplies. In many of the photographs the teenagers appear to be sexually aroused and in some photographs pairs of teenagers are shown engaged in mutual genital fondling. The state produced circumstantial evidence of the defendant's connection with the taking and retention of these

photographs. These exhibits were properly admitted as they may have a tendency to show defendant's bent of mind toward the sexual activity with which he was charged. *Felker v. State,* 144 Ga. App. 458, 459 (241 SE2d 576); *Watson v. State,* 147 Ga. App. 847, 850 (4) (250 SE2d 540). See also *Garner v. State,* 83 Ga. App. 178, 184 (3) (63 SE2d 225). The jury may make an inference from the photographs in question as to the principal motive and intent of defendant. The trial court did not err in admitting into evidence the photographs in question.

2. Defendant contends that the trial court erred in its refusal to grant his motion to suppress evidence seized in a search of his home, arguing that the affidavit upon which the search warrant was predicated failed to establish the reliability of an informant. The affidavit shows that the affiant interviewed a named 12-year-old male child who told of being involved in acts of sodomy with defendant at his home on several occasions. This child indicated that photographs were taken of him in the nude on at least one of these occasions. Affiant was told by this child that about two weeks previously he had been in defendant's home and seen the camera used for this purpose.

The declarant was named, his statements based on personal observation, and the affidavit shows that the declarant was a victim of the crime. This satisfies the two-pronged Aguilar-Spinelli (Aguilar v. Texas, 378 U. S. 108 (84 SC 1509, 12 LE2d 723); Spinelli v. United States, 393 U. S. 410 (89 SC 584, 21 LE2d 637)) test as to a noninformant hearsay declarant. The declarant's reliability is established by the statement showing that declarant is a victim of the crime. *Devier v. State,* 247 Ga. 635, 638 (5) (277 SE2d 729).

3. The trial court denied defendant's motion for a change of venue based on prejudicial pretrial publicity. As the testimony of the prospective jurors on voir dire shows that they were impartial and were not influenced by the pretrial publicity about the case we find no abuse on the part of the trial court in denying defendant's motion for a change of venue. *Green v. State,* 242 Ga. 261, 263 (2) (249 SE2d 1); *Johnson v. State,* 242 Ga. 649, 655 (7) (250 SE2d 394).

4. Through the testimony of its witnesses, as well as photographic exhibits, the state introduced evidence of other incidents of sexual misconduct between defendant and young males. Exceptions to the general rules governing the conditions under which evidence of other crimes is admissible to show plan, motive and intent have been applied in sex cases, the reasoning being that a tendency toward sexual deviancy, if relevant to the crime for which the defendant is on trial, is admissible because it is out of the ordinary in that it supplies a motive and makes credible what would otherwise be

difficult of belief. *Beldonza v. State,* 160 Ga. App. 647, 648 (1) (288 SE2d 37); *Sweeny v. State,* 152 Ga. App. 765, 766 (1) (264 SE2d 260). The trial court did not err in allowing evidence of defendant's conduct in separate incidents where that conduct was similar in that it involved similar deviant behavior with young males of approximately the same age.

Contrary to the assertion of defendant's sixth and seventh enumerations of error none of the testimony as to other similar crimes was inadmissible due to application of Code § 38-306. This testimony involved a direct account of matters in which the witness participated and involved no hearsay issues.

5. Defendant's final enumeration of error alleges error in the denial of his motion for continuance. The colloquy relating to the motion for continuance shows that an earlier request for a continuance made by defense counsel in order to develop certain information had been granted. During this delay defense counsel was able to get a witness whom she intended to call to testify in favor of defendant, but shortly before trial she had learned that this potential witness "had shot himself and is dead." The additional continuance in question was sought in order to allow defense counsel an opportunity to "get other witnesses." However, defense counsel failed to show the names of any witnesses who might be obtained and whether or not they would be subject to subpoena. "All applications for continuance are addressed to the sound legal discretion of the court and shall be granted or refused as the ends of justice may require. Code Ann. § 81-1419." *Lakes v. State,* 244 Ga. 217, 218 (259 SE2d 469). Although the demise of the intended witness became known to defense counsel only briefly before trial we see no reason that any potential additional witness could not have been named. As the record shows at most only speculative harm to defendant it is insufficient to show an abuse of discretion of the trial court under the facts and circumstances of this case. *Jackson v. Hopper,* 232 Ga. 419, 420 (1) (207 SE2d 58); *Bunge v. State,* 149 Ga. App. 712, 713 (1A) (256 SE2d 23).

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED JULY 2, 1982.

*Robert D. Brooks, Catherine B. Lerow,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, J. Wallace Speed, H. Allen Moye, Assistant District Attorneys,* for appellee.