63740. HARDY v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was convicted of two counts of the offense of child molestation and sentenced to serve a term in confinement. Motion for new trial was filed and denied. Defendant appeals. *Held:*

1. Defendant enumerates as error the denial of his motion to suppress evidence found in a search of his residence, arguing that the search warrant was predicated upon an affidavit which relied solely on information of one informant whose reliability had not been established. The premise of defendant's contention, however, is incorrect as the affidavit made to the magistrate and upon which this search warrant was predicated relates statements of at least four young males, ages 12-16, who had given information to law enforcement officers as to their having had sexual relations with defendant and of defendant having photographed them in the nude. Regardless of whether these young males are viewed, depending upon their ages at the time of the incidents, as victims of child molestation or as accomplices in the perpetration of the offense of sodomy, they satisfy the reliability requirement for known informant hearsay declarants set forth in Aguilar v. Texas, 378 U. S. 108 (84 SC 1509, 12 LE2d 723) and Spinelli v. United States, 393 U. S. 410 (89 SC 584, 21 LE2d 637). Analyzed in the light of *Devier v. State,* 247 Ga. 635, 638 (277 SE2d 729), the hearsay information was based on the personal

observation of these young males and in each case the reliability was established by the statement in the affidavit showing that they were either victims of the crime or that the statement was against their penal interest. This enumeration of error is without merit.

2. Defendant also enumerates as error the denial of his motion to suppress the evidence found in the search of a motel room which he had rented. Defendant contends that the state has failed to prove the reliability of the informant unnamed in the affidavit who provided essential information upon which the affidavit for this search warrant was predicated.

The affidavit relates the arrest of one John David Wilcoxen (see *Wilcoxen v. State,* 162 Ga. App. 800 (292 SE2d 905), post) and the search of another premises for various photographs and video tapes of nude children, and related photographic and videotape equipment which were evidence of the crimes of child molestation and sodomy. The search for these items was stated to be unsuccessful due to the removal of the items prior to the execution of a search warrant. The affiant related information from a named individual that he had assisted Wilcoxen in removing these items. According to the affidavit, information had been received from an individual not identified in the affidavit that the items removed (from the other premises searched under authority of the previous search warrant) by Wilcoxen and defendant were stored in the motel room in question.

At the motion to suppress hearing the affiant testified that he had also provided to the magistrate by oral testimony the identity of the informant unnamed in the affidavit and that the informant became aware of the information by overhearing a conversation between the defendant and Wilcoxen. The affiant also provided by oral testimony the date he had received the information from the unnamed informant.

Information presented before the magistrate must adequately set forth the underlying circumstances to enable the magistrate to independently judge the validity of the information.

As the circumstances made known to the magistrate show that the informant gave information from personal experience, thus the magistrate was not placed in the position of accepting without question mere suspicion or conclusion. This satisfies the first prong of the two-prong test of Spinelli v. United States, 393 U. S. 410, supra. See also *Simmons v. State,* 233 Ga. 429, 432 (211 SE2d 725); Aguilar v. Texas, 378 U. S. 108, supra.

The magistrate was authorized to conclude that the allegations of the affidavit accredited to the unnamed individual were based on that individual's personal observations. As there is nothing in the affidavit nor the oral testimony also provided to the magistrate to

suggest otherwise we hold that the magistrate was authorized in assuming that the unnamed individual was a law abiding and trustworthy citizen. See in this connection *Devier v. State,* 247 Ga. 635, supra. The second prong of the test set forth in Spinelli v. United States, 393 U. S. 410, supra, is thus satisfied and we hold that the trial court did not err in denying defendant's motion to suppress evidence obtained in the search of the motel room.

3. During the hearing on defendant's motion to suppress the evidence seized in the motel room the trial court sustained the state's objection when the defendant sought to elicit from the state's witness on cross-examination the identity of the unnamed informant referred to in the affidavit. Evidence was presented at the hearing of the motion to suppress showing that the unnamed individual was a mere tipster having overheard a conversation between defendant and another. There was no evidence produced that the unnamed individual was a party to the crime of child molestation or sodomy nor of the efforts to conceal the evidence discovered in the search of the motel room. The trial court was authorized to conclude that the informant was in that class which did not need to be disclosed, therefore, properly sustained the state's objection. Code § 38-1102; *Hollingsworth v. State,* 155 Ga. App. 878, 881 (3) (273 SE2d 639); *Thornton v. State,* 238 Ga. 160, 164 (2) (231 SE2d 729); *Paras v. State,* 247 Ga. 75, 77 (3) (274 SE2d 451).

4. On voir dire the trial court sustained the state's objection to the defense counsel inquiring of a prospective juror whether "she was following the cases of the missing and murdered children in the newspaper." The trial court properly refused to permit defense counsel to examine the prospective jurors on matters dealing with another case. The trial court has the discretion to limit examination of a juror to questions dealing directly with a specific case. *Smith v. State,* 148 Ga. App. 1 (1) (251 SE2d 13); *Hill v. State,* 221 Ga. 65 (8), 68 (142 SE2d 909). Also see *Dennis v. State,* 216 Ga. 206, 208 (4) (115 SE2d 527).

5. Defendant's remaining enumerations of error raise the contention that defendant's character was improperly placed in issue when the state was permitted to introduce, through the testimony of four young male witnesses, evidence that they had engaged in illegal sexual relations with the defendant. Exceptions to the general rule governing the conditions under which evidence of other crimes is admissible to show plan, motive and intent have been applied in sex cases such as the child molestation charges involved in the case sub judice, the reasoning being that a tendency toward sexual deviancy, if relevant to the crime for which the defendant is on trial, is admissible because it is out of the ordinary in that it supplies a motive and makes

credible what would otherwise be difficult of belief. *Beldonza v. State,* 160 Ga. App. 647, 648 (1) (288 SE2d 37). The trial court did not err in allowing evidence of defendant's conduct in separate incidents where that conduct was similar in that it involved similar deviant behavior with young males of approximately the same age.

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED JULY 2, 1982.

*Robert D. Brooks, Catherine B. Lerow,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, J. Wallace Speed, Assistant District Attorneys,* for appellee.