427 So.2d 822 (1983)
Frank T. POTTS, Appellant,
v.
STATE of Florida, Appellee.
No. 82-1307.
District Court of Appeal of Florida, Second District.
March 9, 1983.
*823 Ernest M. Jones, Jr., of Jacobs, Valentine, Groseclose & McCarthy, P.A., Lakeland, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Theda James Davis, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Judge.
The state charged Frank T. Potts with sexual battery of a girl 11 years of age or younger. The jury found him guilty of the lesser offense of making a lewd and lascivious assault on the victim. Potts now urges that the state's introduction at his trial of evidence of his prior sexual abuses against other young girls was error. We reject his contention.
Prior to trial the state notified Potts that it intended to use "Williams Rule" testimony, i.e., evidence of similar sexual incidents involving the victim's sister and the defendant's two younger sisters. § 90.404(2)(b)1, Fla. Stat. (1981); Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959). The court denied defendant's motion in limine, objections at trial, and his motion for mistrial, all of which were directed against the use of such evidence. The court granted defendant's motion for a judgment of acquittal as to the charge of sexual battery but allowed the case to go to the jury on the lesser offense of making a lewd and lascivious assault on a child. § 800.04, Fla. Stat. (1981).
After the jury found Potts guilty of the lesser offense, the court adjudged him guilty, denied his motion for new trial, and sentenced him to 15-years imprisonment. The court recommended that Potts be treated as a mentally disordered sex offender. This appeal ensued.
The 11-year-old victim's older sister, Brenda, resided with the defendant in a mobile home. Brenda invited the victim to their home to play with the defendant's young daughter. On the night in question, the victim slept on a couch with defendant's daughter. She testified that the defendant awakened her around 10:30 p.m. saying that he wanted to make love to her and warning her that he would kill her family if she resisted or said anything. She said the defendant then inserted his fingers into her vagina and fondled her chest for about an hour.
The state then called three "Williams Rule" witnesses who, over defendant's objections, testified as to similar conduct by the defendant in prior instances. Before the witnesses began to testify, the trial judge instructed the jury on the limited purpose for which the evidence was to be received and considered. § 90.404(2)(b)2, Fla. Stat. (1981). The jury was admonished that the evidence could be considered only as it related to the issues of intent, plan, or the absence of mistake or accident on the part of the defendant.
One of the victim's sisters, who was a couple of years older, stated that defendant had fondled her and performed oral sex upon her when she was 12. This occurred while she was spending the previous summer with the defendant and Brenda in Alabama. She said the defendant threatened her with bodily harm if she told anyone of the incident.
Two of the defendant's sisters also testified. Potts' younger sister stated that he had performed oral sex upon her and had inserted his finger into her vagina against her will and threatened to kill her if she told anyone. This happened some 12 years earlier when she was 11. She added that when she was 15, the defendant tried to penetrate her. Both incidents occurred while she and the defendant lived at home. The other sister stated that the defendant made sexual advances toward her some 18 years earlier when she was 9 and he was 21. She testified that Potts put his hand in her vaginal area and tried to penetrate her with his penis, and that she was afraid of the defendant who told her not to tell anyone.
The sole issue the defendant raises on this appeal is whether the trial court erred in admitting this "Williams Rule" evidence over his objections.
A discussion of the admissibility of "similar fact" evidence properly begins with *824 the principle that similar fact evidence of other crimes, wrongs, or acts is admissible when relevant to prove a material fact in issue, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but it is inadmissible when the evidence is relevant solely to prove bad character or propensity. § 90.404(2)(a), Fla. Stat. (1981); Williams v. State. Thus, relevancy is the test and, under limited circumstances, evidence of other crimes or similar conduct is admissible in a criminal prosecution.
To meaningfully evaluate whether similar fact evidence is admissible, it is necessary to view the problem in context. Courts have generally found cogent reasons for introducing such evidence for limited purposes in cases involving sexual abuse of children. Shortly after Williams, the Third District in Ross v. State, 112 So.2d 69 (Fla. 3d DCA 1959), reviewed an appeal by a defendant who was prosecuted for assault in a lewd and lascivious manner on a girl under age 14. The trial court had admitted evidence that the defendant had fondled another girl under 14 in a lewd and lascivious manner. The Third District held this was relevant to show the character of the defendant's deed and his motive, intent, and the absence of mistake.
In the ensuing years our sister courts have considered the relevancy of this type of evidence and upheld its admissibility. See Andrews v. State, 172 So.2d 505 (Fla. 1st DCA 1965), approving testimony of a subsequent sexual imposition against a person the same age as the victim, at the same place, and under almost identical circumstances to those of the offense charged. There, the First District held this similar fact evidence was clearly relevant in its bearing on the defendant's identity, intent, plan and design, as well as to show lack of inadvertance. See also Pendleton v. State, 348 So.2d 1206 (Fla. 4th DCA 1977), where the Fourth District upheld admissibility of similar fact testimony of two witnesses, noting that their testimony tended to corroborate that given by the victim.
In Cotita v. State, 381 So.2d 1146 (Fla. 1st DCA 1980), petition for review denied, 392 So.2d 1373 (Fla. 1981), the defendant was convicted of committing a lewd and lascivious act on his 5-year-old daughter. The trial court had allowed the state to present testimony of a neighborhood child that defendant had committed the same type of sex act on her and her young sister. The First District held that this evidence was admissible and noted that all of the crimes had a close similarity in victims, locale, type of sex act, and a similar parental or custodial relationship between the accused and the victims. In Espey v. State, 407 So.2d 300 (Fla. 4th DCA 1981), the court declared that evidence that the defendant had committed a number of sexual offenses against younger members of his family over an 18-year period was admissible as having relevance to identifiable points of similarity which pointed toward the defendant.
Florida courts do not stand alone on this issue. Other states also allow introduction of evidence of similar offenses in cases involving sexual abuse of children. For example, in Kester v. State, 636 S.W.2d 232 (Tex. App. 1982), the court stated that similar fact evidence can be highly probative of the probability that the act occurred in the manner described by the victim, while in State v. Boothe, 103 Idaho 187, 646 P.2d 429 (Idaho App. 1982), the court held that such evidence was relevant for corroboration of the victim's testimony. One of the more cogent arguments in favor of admitting such evidence was presented in Hardy v. State, 162 Ga. App. 797, 292 S.E.2d 902 (1982). The court opined that a tendency toward sexual deviancy, if relevant to the crime for which the defendant was charged, was admissible because it was out of the ordinary, supplied a motive, and added credibility to what would otherwise be difficult to believe.
In the present case evidence of defendant's use of his custodial or familial authority to forcibly commit lewd and lascivious acts upon several young female children was highly relevant to the jury's evaluation of his intent to commit the act charged. Evidence of these past acts had "identifiable *825 points of similarity" and a "level of uniqueness" sufficient to qualify as similar fact evidence. Espey v. State; Hodge v. State, 419 So.2d 346 (Fla. 2d DCA 1982). This similar fact evidence was also relevant to establish a pattern of conduct similar to the defendant's conduct in the crime for which he is charged. See Jones v. State, 398 So.2d 987 (Fla. 4th DCA), petition for review denied, 408 So.2d 1094 (Fla. 1981).
We are not faced here with the problems considered by Judge Campbell in State v. Rush, 399 So.2d 527 (Fla. 2d DCA 1981). In Rush the defendant objected to the introduction of similar fact evidence due to a lack of sufficient similarities in the different incidents. The trial judge there was concerned with the prohibition against use of such evidence to show propensity. Here there were close "identifiable points of similarity," and the court instructed the jury that the evidence could be considered only as it related to prove intent, plan, or the absence of mistake or accident. Thus, here the evidence from the "Williams Rule" witnesses was admissible for the limited purposes outlined.
Finally, defendant urges that the testimony of his two adult sisters relating to occurrences some 12 and 18 years earlier was inadmissible because of its remoteness. We find no merit to this contention since this testimony related to the defendant's use of his custodial or familial authority to commit sexual impositions upon young girls. See Hodge v. State, upholding the admissibility of testimony of similar sexual batteries committed some 8 years previous to defendant's prosecution for committing sexual battery on a young female member of his family. See also Espey v. State, upholding the admissibility of testimony of a series of defendant's sexual acts directed against small children over an 18-year period.
Accordingly, we conclude the trial court did not err in allowing introduction of the challenged evidence, and we affirm defendant's judgment and sentence.
GRIMES, A.C.J., and LEHAN, J., concur.