67344. PEACOCK v. THE STATE.

CARLEY, Judge.

Appellant was indicted for the offenses of statutory rape, child molestation, and sodomy. During the trial, a directed verdict of acquittal was granted to appellant on the charge of sodomy. The jury found appellant guilty of statutory rape and child molestation. Appellant appeals from the judgments of conviction and sentences entered on the guilty verdicts.

1. Appellant enumerates as error the admission into evidence of certain materials seized from his home pursuant to a search warrant. The contention is that the affidavit upon which the warrant was issued demonstrates that the affiant relied on the information of only

one informant, whose information was not corroborated in any way, and that this was not a sufficient showing of probable cause.

The affidavit was predicated upon information supplied to the affiant by a named eighteen-year-old female informant. This identified informant related to the affiant that she had been sexually victimized by appellant. Specifically, the named declarant stated to the affiant that she had been taken by appellant to his home, where she had been drugged, raped, and photographed in the nude. The affiant related that the reliability of the named informant had been attested to by officials at her school. In addition to the information supplied by the identified informant, the affiant stated that two other unnamed juveniles had informed him that appellant had attempted to entice them to his home for overnight and weekend visits.

The affidavit was sufficient to establish probable cause for the issuance of the search warrant. "The declarant was named, [her] statements based upon personal observation, and the affidavit shows that the declarant was a victim of the crime. This satisfies the two-pronged Aguilar-Spinelli . . . test" as to an identified hearsay declarant. *Wilcoxen v. State*, 162 Ga. App. 800, 801 (2) (292 SE2d 905) (1982). The declarant's reliability was established by the statement showing that she was a victim of a crime. *Wilcoxen v. State*, supra. See also *Hardy v. State*, 162 Ga. App. 797 (1)(2) (292 SE2d 902) (1982); *Devier v. State*, 247 Ga. 635, 637 (4) (277 SE2d 729) (1981). Because the non-confidential hearsay informant was the victim of a crime, there was no requirement that her reliability be further corroborated in order to show that probable cause existed.

We note, moreover, "that the so-called 'two-pronged' test of Aguilar and Spinelli regarding the informant's reliability and veracity was expressly abandoned in Illinois v. Gates, ___ U. S. ___ (103 SC 2317, 76 LE2d 527) (1983), and that the 'practical, nontechnical conception' of 'totality of circumstances' has been substituted for the former test. Cf. Brinegar v. United States, 338 U. S. 160, 176 (69 SC 1302, 96 LE 1879) (1949). Since 'totality of the circumstances' is a less rigorous test than that of Aguilar and Spinelli, it follows that an affidavit that would pass the former test must necessarily meet the 'totality of the circumstances' criterion as well. The court did not err in admitting the evidence seized under the authority of the search warrant." *Choice v. State*, 168 Ga. App. 28, 30 (308 SE2d 1) (1983).

2. Appellant asserts that the trial court erred in admitting certain photographs and a photograph album into evidence, over the objection that a proper foundation had not first been laid.

The individual photographs at issue are of young nude females. Appellant contends that it was error to admit these photographs into evidence because there was no showing that he took, retained, or viewed the photographs. The transcript demonstrates that the victim,

who appears in some of these photographs, testified that they had been taken by appellant. The victim further testified that appellant threatened to expose the photographs if she told anyone that they had been taken. As to the photograph album, there was testimony that it belonged to and was kept by appellant. Appellant admitted taking the individual photographs and many of the photos in the album. Furthermore, he admitted that he kept the photos. All of the photographs and the photograph album were found during a search of appellant's home pursuant to the search warrant.

A sufficient foundation was laid for the introduction of the photographic evidence. "The state produced circumstantial [and direct] evidence of the [appellant's] connection with the taking and retention of these photographs. These exhibits were properly admitted as they may have a tendency to show [appellant's] bent of mind toward the sexual activity with which he was charged. [Cits.] The jury may make an inference from the photographs in question as to the principal motive and intent of [appellant]. The trial court did not err in admitting into evidence the photographs in question." *Wilcoxen v. State,* supra at 800-801.

3. Appellant's co-defendant, Ms. Swartz, was called as a witness for the state. Although at the time of the trial Ms. Swartz had entered pleas of guilty to several of the charges for which appellant was being tried, the determination of the sentences she would receive had not yet been made. Appellant asserts on appeal that he was erroneously restricted in his cross-examination of Ms. Swartz as to her bias and self-interest.

Appellant clearly was entitled to cross-examine Ms. Swartz concerning the criminal charges pending against her.

" ' "It is especially important in a case where a witness or an accomplice may have substantial reason to cooperate with the government that a defendant be permitted to search for an agreement between the government and the witness." [Cit.] . . .' [Cit.]" *Hines v. State,* 249 Ga. 257, 259-260 (290 SE2d 911) (1982). However, " '[t]he extent of cross-examination with respect to an appropriate subject of inquiry is within the sound discretion of the trial court. It may exercise a reasonable judgment in determining when the subject is exhausted. (Cits.) . . .' [Cit.]" *Hines v. State,* supra.

In the case at bar, appellant's counsel was allowed to cross-examine Ms. Swartz about the charges against her and the "deal" she had made with the state. The trial court also allowed Ms. Swartz to be cross-examined in great detail with regard to her possible bias or prejudice. The trial court only restricted the cross-examination when appellant's counsel persisted in asking questions which were irrelevant to the issues at trial. We find no violation of appellant's right to a thorough and sifting cross-examination of Ms. Swartz.

4. Appellant enumerates as error the admission of his two custodial statements which were offered by the state. Appellant contends that he was not allowed to introduce the custodial statements in their entirety. See OCGA § 24-3-38.

The contention that appellant was "prohibited" from introducing the whole statement given on each occasion is premised solely upon the fact that his statements were not tape recorded in their entirety. Appellant does not contend that he was prohibited from introducing any portion of the statements that was taped, or from introducing evidence of any portion of his statements which may not have been taped. The evidence shows that, before appellant made a statement on tape, he discussed his participation in the crimes with the police. He was then told that his statement would be put on tape. During the taping of appellant's statement, the recorder was turned off only when appellant was repeating a subject which had already been discussed, or when a break was taken. Contrary to appellant's assertions on appeal, there is no evidence that his statement was "selectively taped."

"The rule of evidence is, that when an admission, conversation or declaration previously made by a party or a witness is pertinent, the side tendering evidence as to the same is at liberty to prove such portion only thereof as is deemed material, and the other side may then bring out the whole of the admission, conversation or declaration, so far as so doing may be essential in order to arrive at the true drift, intent and meaning of what was said on the previous occasion. [Cit.]" *Smalls v. State*, 105 Ga. 669 (1) (31 SE 571) (1898). "If [the statements introduced at trial were] not the entire conversation which took place, or did not embody the entire substance of the previous oral declarations, the State was not required to show *verbatim* all that transpired, but the defendant was at liberty to do so if he desired. [Cits.]" (Emphasis in original.) *Parrish v. State*, 88 Ga. App. 881, 882 (1) (78 SE2d 366) (1953). Therefore, the state was not required to tape and submit into evidence appellant's entire discussion with the police. Appellant was at liberty to prove any other essential portion he desired. No attempt was made by appellant to do so. Accordingly, the trial court did not err in admitting the custodial statements into evidence.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED MARCH 15, 1984.

Robert C. Harper, for appellant.
John T. Strauss, District Attorney, John M. Ott, Assistant District Attorney, for appellee.