## 77497. McQUEEN v. THE STATE.
### (377 SE2d 682)

BANKE, Presiding Judge.

The appellant was convicted of having possessed more than an ounce of marijuana in violation of the Georgia Controlled Substances Act. He contends on appeal that the trial court erred in denying his motion to suppress the contraband.

The marijuana was seized during a search of the appellant's apartment conducted pursuant to a search warrant. The warrant was issued at 1:10 a.m. on September 30, 1986. The affidavit submitted to the magistrate in support of the warrant specified, in pertinent part, as follows: "On Monday, September 29, 1986, affiant did personally talk with a confidential and reliable informant, who personally stated to affiant that sometime within the past three (3) days [he] was personally at [the address specified in the warrant]. While there the confidential and reliable informant did personally see a quantity of green leafy material being stored at the location which was represented to the confidential and reliable informant as marijuana. The marijuana was represented for sale by a subject known to the confidential reliable informant as 'Bill,' who resides at [the address in question]. Confidential reliable informant has given affiant information within the past three (3) months which has led to the seizure of marijuana in violation of the Georgia Controlled Substances Act."

At the hearing on the motion to suppress, the affiant revealed that he had in fact been totally unacquainted with the informant prior to the occasion in question. The appellant contends that the affiant's averments to the effect that the informant was reliable and had furnished information in the past which had led to the seizure of marijuana consequently must be viewed as material misrepresentations. However, the affiant further testified at the hearing on the motion to suppress that before he applied for the warrant, he and the informant had gone to the appellant's apartment, where the informant had "made a controlled buy." The state asserts in its brief on appeal that this information was properly omitted from the affidavit because "[t]he inclusion of this very specific information . . . would have seriously compromised the confidentiality and possible safety of the informant." The state further asserts that, in light of this additional information, the affiant's averment that the informant had given him "information within the past three (3) months which has led to the seizure of marijuana" was truthful. *Held*:

Initially, we note that the state's explanation for the affiant's failure to include the information about the "controlled buy" in the affidavit does not account for the affiant's failure to bring this information to the attention of the magistrate through oral testimony. See generally *Simmons v. State*, 233 Ga. 429, 431 (211 SE2d 725) (1975).

However, we agree that an acquisition of contraband by a law enforcement officer under circumstances such as those shown in the present case may reasonably be equated with a "seizure" of such contraband. Consequently, we reject the appellant's contention that the affiant obtained the warrant through misrepresentation. Further concluding that the information set forth in the affidavit provided a substantial basis for a belief that marijuana was currently being stored on the appellant's premises, we accordingly hold that the trial court did not err in denying the appellant's motion to suppress. See generally *Illinois v. Gates*, 462 U. S. 213 (103 SC 2317, 76 LE2d 527) (1983); *State v. Luck*, 252 Ga. 347 (312 SE2d 791) (1984). Compare *State v. Brown*, 186 Ga. App. 155 (2) (366 SE2d 816) (1988) (where the affidavit contained no information whatever reflecting either the basis of the informant's knowledge or the reasons why he should be believed).

*Judgment affirmed. Birdsong, C. J., and Beasley, J., concur.*

DECIDED DECEMBER 2, 1988 —
REHEARING DISMISSED JANUARY 3, 1989.

*Albert B. Wallace*, for appellant.
*Robert E. Keller, District Attorney*, for appellee.