A91A1871. THE STATE v. THOMAS et al.
(417 SE2d 328)

COOPER, Judge.

The State appeals from the grant of defendants' motions to suppress evidence seized from their residence during a search conducted pursuant to a search warrant. Following the search, defendants, George and Mattie Thomas, were charged with violations of the Georgia Controlled Substances Act.

The search warrant was issued for a search of George Thomas' residence, more particularly identified in the warrant as the fifth trailer in a row of trailers located on a specified dirt road in Murray County. The affidavit submitted in support of the search warrant was executed by a narcotics agent with a north Georgia drug task force. The affiant stated that within seven days of 11/17/90, he conducted a controlled buy of marijuana with a confidential informant from a subject known to the informant as George Thomas; that affiant conducted a thorough search of the confidential informant prior to commencement of the operation; that affiant provided the informant with $60 in county funds and maintained a constant surveillance of the informant while the informant went to the residence listed in the application for the warrant; that the informant made a buy of a green leafy substance contained in a plastic bag; that the substance cost $50; and that at the completion of the operation, the informant gave affiant the plastic bag and $10 change. The affidavit also stated that within seven days of 12/19/90, affiant conducted another controlled buy of a green leafy substance from George Thomas at the same residence using the same informant and the same surveillance procedure, and that upon completion of the operation, the informant again gave affiant a plastic bag containing a green leafy substance which the informant stated he had purchased for $50. The affidavit further stated that the results of a field test on the green leafy substance showed that the substance was marijuana; that the car in the driveway of the residence where the purchase was made was registered to Mattie Thomas; and that the owner of the trailer where the purchase was made was George Thomas. The informant also identified a photograph of George Thomas as the person from whom he purchased the marijuana. A search of the residence revealed approximately 60

plastic bags of marijuana as well as items commonly associated with the sale of marijuana.

At the hearing on defendants' motion to suppress, the affiant testified that prior to the first buy, he searched the informant's person and his car; that he gave the informant $60; that he followed the informant into the trailer park in a separate vehicle and maintained surveillance from approximately 50 yards away; that he saw the informant stop his car in front of trailer #5, exit his vehicle and go to trailer #5; that although he could not see the informant enter the trailer, he could see all of the other trailers in the park; that the informant did not go into any of the other trailers; that he followed the informant from the trailer park and received from him the suspected marijuana and $10. With respect to the second buy, affiant testified that he searched the informant and his car; that he followed the informant to the trailer park in a separate vehicle; that he surveilled the informant from the same location as during the first buy; and that he observed a male figure walk from trailer #5 to the driver's side of the informant's vehicle, but he could not see the male figure clearly enough to identify the person.

The trial court found that the affiant's statement in the affidavit that he maintained a "constant surveillance" of the informant while at the residence during the buys was a false statement given the affiant's testimony at the hearing that he did not actually see the transactions. We do not agree. Although the affiant's use of the words "constant surveillance" may have implied to the trial judge that the agent observed the entire transaction, including the handing over of money in exchange for the drugs, we cannot conclude that this is the only implication flowing from those words. The affidavit contains facts which constitute circumstantial evidence of the sale, and arguably suggest that the actual transaction was not observed by the affiant. However, "[t]here is no evidence that material misrepresentations were knowingly or recklessly included in the affidavit, and there was no showing of misconduct on the part of the affiant. [Cit.]" *Hayes v. State*, 182 Ga. App. 319, 320 (1) (355 SE2d 700) (1987). Consequently, we cannot conclude that the affiant obtained the warrant through a material misrepresentation in the affidavit. See *McQueen v. State*, 189 Ga. App. 743 (377 SE2d 682) (1989). Furthermore, we note that even if the affiant's statement regarding constant surveillance is excised from the affidavit, the remaining information is sufficient to show probable cause; therefore, the search warrant is valid. *Rimmer v. State*, 197 Ga. App. 294 (1) (398 SE2d 282) (1990).

Nor do we find the affiant's inability to identify defendant George Thomas as the person from whom the informant purchased the marijuana to be a basis for the trial court's grant of the motion to suppress. "The task of the issuing magistrate is simply to decide

whether, under the totality of the circumstances, ' "there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for . . . conclud(ing)' that probable cause existed." ' [Cit.]" *Pinkston v. State*, 189 Ga. App. 851, 854 (4) (377 SE2d 864) (1989). Although the affiant could not positively identify the person who sold the marijuana to the informant, there was probable cause to believe that the marijuana would be found at the premises described in the warrant.

For the foregoing reasons, we conclude that the trial court erred in granting defendants' motion to suppress.

*Judgment reversed. Birdsong, P. J., and Pope, J., concur.*

DECIDED JANUARY 15, 1992 —
RECONSIDERATION DENIED APRIL 1, 1992 — 

*Jack O. Partian III, District Attorney, Kermit N. McManus, Assistant District Attorney*, for appellant.
*William W. Keith III*, for appellees.