A92A1463, A92A1464. DORMINEY v. THE STATE (two cases).

(423 SE2d 698)

CARLEY, Presiding Judge.

Appellant was tried before a jury and found guilty of possession of marijuana with intent to distribute. In Case No. A92A1463, he appeals from the judgment of conviction and sentence entered by the trial court on the jury's guilty verdict. In Case No. A92A1464, he appeals from the denial of his motion for appeal bond.

*Case No. A92A1463*

1. Appellant enumerates as error only the denial of his motion to suppress the marijuana which was seized from his residence pursuant to a search warrant.

The warrant had been sought on the basis of information supplied by an otherwise unidentified "concerned citizen." At the hearing on appellant's motion, it was shown that the affidavit submitted to the magistrate may have contained "embellishments" as to the extent of the information supplied to the affiant by the concerned citizen. However, these embellishments certainly cannot be characterized as deliberate falsehoods and, when these embellishments are eliminated from consideration, the affidavit contains the following unchallenged information: The concerned citizen had seen at least two pounds of marijuana in appellant's residence on several occasions in the last three months. The concerned citizen confirmed information already obtained by police regarding appellant's relationship with a suspected drug supplier and a suspiciously high volume of vehicular and pedestrian traffic at his residence. The affiant determined that the concerned citizen had no criminal record himself and he assessed the concerned citizen to be intelligent, mature, sober, and coherent.

It would appear that the affidavit meets even the abandoned two-pronged *Aguilar-Spinelli* test. See *Hardy v. State*, 162 Ga. App. 797, 798-799 (2) (292 SE2d 902) (1982); *Devier v. State*, 247 Ga. 635, 638 (5, 6) (277 SE2d 729) (1981). Moreover, this more stringent test has now been replaced by the less rigorous "totality of the circumstances" test. *Illinois v. Gates*, 462 U. S. 213 (103 SC 2317, 76 LE2d 527) (1983); *State v. Stephens*, 252 Ga. 181, 184 (311 SE2d 823) (1984). See also *Peacock v. State*, 170 Ga. App. 309, 310 (1) (316 SE2d 864) (1984); *Bromley v. State*, 259 Ga. 377, 379 (3) (380 SE2d 694) (1989). This test has been met in the instant case, in that the information set forth in the affidavit provided a substantial basis from which the magistrate could determine that marijuana was currently being stored at appellant's house. See *Bell v. State*, 204 Ga. App. 528 (1) (419 SE2d 729) (1992); *McQueen v. State*, 189 Ga. App. 743, 744 (377 SE2d 682) (1988); *Hunter v. State*, 198 Ga. App. 41, 42 (1) (400 SE2d 641) (1990).

"At the hearing on the motion to suppress, there was no evidence that the affidavit upon which the search warrant was issued contained deliberate falsehoods or had been made with reckless disregard for the truth or that the affiant had consciously omitted material information which, if it had been included in the affidavit, would have been indicative of the absence of probable cause. [Cits.]" *Dale v. State*, 198 Ga. App. 479, 480 (4) (402 SE2d 90) (1991). See also *State v. Thomas*, 203 Ga. App. 623, 624 (417 SE2d 328) (1992); *Ledbetter v. State*, 190 Ga. App. 843, 844 (1) (380 SE2d 313) (1989); *McQueen v. State*, supra at 744; *Hunter v. State*, supra at 42-43 (1). "In the absence of such evidence, the presumption of validity of an affidavit executed in support of a search warrant must stand. [Cit.]" *Hayes v. State*, 182 Ga. App. 319, 320 (1) (355 SE2d 700) (1987). Even if the statements alleged to have been embellished are "excised from the affidavit, the remaining information is sufficient to show probable cause; therefore, the search warrant is valid. [Cit.]" *State v. Thomas*, supra at 624. See also *Rimmer v. State*, 197 Ga. App. 294, 295 (1) (398 SE2d 282) (1990).

Moreover, "[b]ased on the totality of the circumstances, we find the law enforcement officials acted in objective good faith, within the meaning of [*United States v.*] *Leon*[, 468 U. S. 897 (104 SC 3405, 82 LE2d 677) (1984)], in . . . obtaining . . . the search warrant and that any deficiency in the warrant or its affidavit would not result in the invocation of the exclusionary rule. The correct decision of a trial court will not be reversed regardless of the reason ascribed thereto. [Cit.] The trial court did not err in denying appellant's motion to suppress." *Talley v. State*, 200 Ga. App. 442, 445 (3d) (408 SE2d 463) (1991). See also *Taylor v. State*, 204 Ga. App. 236, 237 (2) (419 SE2d 56) (1992); *Davis v. State*, 198 Ga. App. 310 (1) (401 SE2d 326)

(1991).

### Case No. A92A1464

2. "Appellant contends that . . . the trial court's denial [of his motion for a post-conviction supersedeas bond] should be reversed and a bond granted during the pendency of the appeal process. However, ' "the issue is moot because we affirm the conviction." [Cit.]' [Cit.]" *Griffin v. State*, 199 Ga. App. 646, 649 (4) (405 SE2d 877) (1991). See also *Ledesma v. State*, 251 Ga. 885, 891 (11) (311 SE2d 427) (1984); *Harris v. State*, 196 Ga. App. 304, 307 (6) (396 SE2d 288) (1990).

*Judgment affirmed in Case No. A92A1463. Appeal dismissed in Case No. A92A1464. Pope and Johnson, JJ., concur.*

DECIDED OCTOBER 2, 1992 —
RECONSIDERATION DENIED OCTOBER 14, 1992 — ▐▐▐▐▐▐▐

*John G. Cicala, Jr., George L. Kimel*, for appellant.
*Thomas C. Lawler III, District Attorney, Debra K. Turner, Assistant District Attorney*, for appellee.