## A98A1483. GRAHAM v. THE STATE.
### (505 SE2d 268)

POPE, Presiding Judge.

Charles Graham appeals from his cocaine trafficking conviction. He argues that the trial court erroneously denied his motion to sup-

---

[7] See OCGA § 10-6-50.

press cocaine and other evidence seized from his apartment pursuant to a search warrant because the warrant was based solely on an affidavit that contained false statements. Although the statements challenged by Graham are misleading, they are not false and do not provide a basis for reversal of the trial court's ruling.

Graham challenges the following portion of the affidavit: "The affiant, who is a sworn and certified law enforcement officer, was contacted by a reliable source of information that wishes to remain confidential. This source is believed to be reliable because within the past month this source has provided information that has led to the seizure of controlled substances. Within the past seventy-two hours, this source has been on the above described premises and has observed a quantity of off white powder substance. This off white powder substance was represented as cocaine to the source by Charles Graham. The source is familiar with cocaine in its various stages of usage, preparation for storage and distribution."

Graham correctly notes that this portion of the affidavit tends to indicate not only that the informant saw cocaine in Graham's apartment during the preceding 72 hours, but that on some other occasion in the preceding month the informant gave the police information that led to the seizure of controlled substances. Such an indication is incorrect. The police officer who gave the affidavit explained at the motion to suppress hearing that the informant did not, on separate occasions, give information leading police to a controlled substance and then later also view cocaine in Graham's apartment; rather, the informant's giving of information and viewing of cocaine both occurred on one occasion. The officer testified that the informant, whom the officer did not know, contacted the police and told them that Graham was dealing drugs. The officer then set up a "controlled buy" with the informant. Prior to the buy, the officer searched the informant and found that she was not in possession of cocaine. The officer gave money to the informant, who went into Graham's apartment. After about three minutes in the apartment, the informant left the apartment with cocaine that she said she had purchased from Graham. The next day the officer applied for the search warrant.

The facts of this case are not materially distinguishable from *McQueen v. State*, 189 Ga. App. 743 (377 SE2d 682) (1989), in which a police officer made statements in his affidavit indicating that the informant had previously given information leading to the seizure of marijuana. But at the motion to suppress hearing the officer revealed that he had been totally unacquainted with the informant prior to the occasion in question, when he had the informant make a controlled buy of drugs from the defendant's apartment. This Court concluded: "we reject the appellant's contention that the affiant obtained the warrant through misrepresentation." *McQueen v. State*, 189 Ga.

App. at 744.

Likewise, the officer in the instant case did not obtain the search warrant for Graham's apartment through misrepresentation. Contrary to Graham's argument, the contested statements in the affidavit are not false — the informant did in fact give information that led to the seizure of cocaine and the informant did in fact see cocaine in Graham's apartment. Although the statements are misleading to the extent they fail to indicate that the giving of information and the observation of cocaine refer to the same controlled buy at Graham's apartment, the information in the affidavit is not false and does not invalidate the search warrant.

"At the hearing on the motion to suppress, there was no evidence that the affidavit upon which the search warrant was issued contained deliberate falsehoods or had been made with reckless disregard for the truth or that the affiant had consciously omitted material information which, if it had been included in the affidavit, would have been indicative of the absence of probable cause. In the absence of such evidence, the presumption of validity of an affidavit executed in support of a search warrant must stand." (Citations and punctuation omitted.) *Dorminey v. State*, 205 Ga. App. 806, 807 (1) (423 SE2d 698) (1992). Here, because the affidavit did not contain deliberate falsehoods and was not made with a reckless disregard for the truth, it was valid. See *State v. Thomas*, 203 Ga. App. 623, 624 (417 SE2d 328) (1992). Accordingly, the trial court did not err in denying Graham's motion to suppress. See *Brannon v. State*, 220 Ga. App. 572, 575 (3) (469 SE2d 716) (1996); *McQueen v. State*, 189 Ga. App. at 744.

*Judgment affirmed. Ruffin, J., concurs. Beasley, J., concurs in the judgment only.*

DECIDED AUGUST 5, 1998 —
RECONSIDERATION DENIED AUGUST 24, 1998.

*Robert D. Botts*, for appellant.
*Robert E. Keller, District Attorney, Staci L. Guest, Assistant District Attorney*, for appellee.