398 So.2d 987 (1981)
Ben Earl JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 79-2292.
District Court of Appeal of Florida, Fourth District.
May 20, 1981.
Rehearing Denied June 10, 1981.
*988 Elton H. Schwarz, Public Defender, Paul B. Kanarek and Stephen L. Kramer, Asst. Public Defenders, Fort Pierce, for appellant.
Jim Smith, Atty. Gen., Tallahassee, Paul H. Zacks and Laura R. Morrison, Asst. Attys. Gen., West Palm Beach, for appellee.
BERANEK, Judge.
This is an appeal by defendant from his conviction and sentence for involuntary sexual battery on a child under eleven years of age pursuant to Section 794.011(2), Florida Statutes (1977). Defendant was sentenced to life imprisonment.
Defendant asserts that the trial court erred in allowing introduction of evidence of two similar sexual incidents involving defendant and other children as being improper Williams Rule evidence. Defendant also asserts error in the granting of a motion in limine relating to an alleged previous sexual assault on the same victim. We affirm.
The controlling rule was enunciated by the Florida Supreme Court in Williams v. State, 110 So.2d 654 (Fla. 1959), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959), and reemphasized more recently in Ruffin v. State, 397 So.2d 277 (Fla. 1981). Evidence of other crimes or similar conduct is admissible under certain limited circumstances in a criminal prosecution. Relevancy is the test and if the proffered evidence is relevant to an issue in the case by showing motive, intent, absence of mistake, common scheme, identity or a general pattern of criminality so that the evidence of another crime or conduct has a material bearing on an essential aspect of the offense in question, it may be admitted. Such evidence is inadmissible if it merely shows bad character or propensity to commit a crime.
In Cotita v. State, 381 So.2d 1146 (Fla. 1st DCA 1980), the First District decided that evidence of prior illicit sexual acts was relevant to establish a pattern of criminality. There the court stated as follows:
In Andrews v. State, 172 So.2d 505 (Fla. 1st DCA 1965), evidence that defendant had committed similar illicit sex acts against one other than the victim of the offense charged was held admissible, this court holding (172 So.2d at 507):
"The testimony concerning the subsequent offense is to the effect that it was committed against a person in an age group comparable to that of the victim named in the charge, at the same place, and under circumstances almost identical to those connected with the offense charged. The similar fact evidence in this cause was clearly relevant in its bearing on defendant's identity, intent, plan and design, as well as to show lack of inadvertence, and it meets the test of admissibility."
* * * * * *
Here, we note a close similarity in victims, locale, sex act and a similar parental or custodial relationship between the accused and the victims. We find no merit in defendant's contention that The Williams Rule precludes collateral crime or similar fact evidence except where the defendant's identity is at issue. In The Williams Case itself, identity was not contested. There, the defendant took the stand, admitted sexual relations with the victim, but claimed consent and testified that the ice pick wound to the victim's chest was accidental. Evidence that six months earlier the defendant had been apprehended in connection with an aborted assault on another similar victim was held properly admissible, inter alia, "to meet the anticipated defense of consent."
Thus, similar fact evidence may be admitted to establish a pattern of conduct similar to the pattern of conduct in the crime. Wilson v. State, 330 So.2d 457 (Fla. 1976), Bryant v. State, 235 So.2d 721 (Fla. 1970). In the instant case, although there were certainly differences between the three sexual episodes, there were also obvious and marked similarities. We find the evidence to be permissible within The Williams Rule and its admission was not error.
*989 As to the second point on appeal, we conclude that the trial court correctly granted the State's motion in limine and that no error has been demonstrated. The State successfully sought to exclude evidence of prior sexual abuse on this same child by a member of his immediate family. On appeal defendant asserts the grant of the motion in limine had the effect of foreclosing cross-examination of the victim and introduction of other evidence which might have shown the victim to have made previous false accusations of sexual abuse. We find no error in this regard because there is nothing in the record showing any unsuccessful attempt by defendant to impeach the victim in this regard. There is a clear distinction between evidence of prior sexual abuse and evidence of prior false accusations of sexual abuse. The conviction and sentence below are thus affirmed.
AFFIRMED.
RIVKIND, LEONARD, Associate Judge, concurs.
ANSTEAD, J., dissents with opinion.
ANSTEAD, Judge, dissenting:
I dissent for the same reasons set out in the dissenting opinion of Judge Robert P. Smith, Jr. in Cotita v. State, 381 So.2d 1146 (Fla. 1st DCA 1980). The other two offenses allegedly committed by the appellant took place some two years previously and involved victims two and six years older than the victim involved herein. In my view the evidence of these offenses only served to establish the propensity of the appellant to commit such homosexual acts and such evidence was not otherwise uniquely relevant to any issues involved in the pending prosecution. This error was compounded when the trial court excluded evidence of the victim's allegedly false accusations of similar conduct against his father. See Williams v. State, 386 So.2d 25 (Fla. 2d DCA 1980).