416 So.2d 1166 (1982)
Thomas Edward ROSSI, Appellant,
v.
STATE of Florida, Appellee.
No. 80-2029.
District Court of Appeal of Florida, Fourth District.
June 16, 1982.
Rehearing Denied July 28, 1982.
*1167 Richard L. Jorandby, Public Defender, and Jon May and Ron McRae, Asst. Public Defenders, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Russell S. Bohn, Asst. Atty. Gen., West Palm Beach, for appellee.
ANSTEAD, Judge.
This appeal presents the issue of whether, when a defendant's sole defense to the crimes charged is insanity, the state, in an effort to meet its burden of proving the requisite level of intent to commit the crimes and to negate the insanity defense, may produce evidence of a similar criminal act committed by the defendant some ten years previously. The trial judge permitted such evidence to be admitted and this court agrees with his ruling.
Appellant Thomas Edward Rossi was convicted of kidnapping, sexual battery, and two counts of attempted second degree murder. These convictions resulted from a May 23, 1980 incident in which appellant shot and blinded the victim as she was driving on Sample Road in Fort Lauderdale; kidnapped her under the pretext of taking her to a hospital; committed a sexual battery upon her in his apartment; and fled. After a pretrial hearing, the trial judge ruled that the state could introduce evidence that appellant, on August 21, 1970, had struck another woman with his car as she rode her bicycle in New Paltz, New York; kidnapped her under the pretext of taking her to a doctor; sexually attacked her in the woods; and fled. In ruling such evidence admissible, the judge took into consideration the fact that appellant had been imprisoned during most of the period between the two crimes, a factor which he felt made evidence of the earlier crime more relevant than it might otherwise have seemed. The judge also instructed the jury on several occasions that evidence of the earlier crimes was to be considered only for the limited purpose of showing appellant's "motive, intent, preparation, plan, knowledge, or the absence of mistake or accident" regarding the crimes for which appellant was then on trial.[1]
In his brief appellant states that the "only question before this court is whether appellant's mental condition in 1970 was relevant to his mental condition in 1980." The state responds that evidence of the collateral crimes was necessary not only to negate the insanity defense but also to prove the requisite level of intent necessary to convict appellant of the crimes charged.
In Florida a defendant is entitled to be acquitted if he was insane at the time of the offense:
A person cannot be legally punished for an act committed by him while insane, although such act would be criminal if done by a sane person. If by reason of insanity a person is incapable of forming intent, he cannot be regarded by the law as guilty. The mental derangement which will excuse must be of such a nature as to render the one afflicted incapable of forming a criminal intent. (Footnote omitted.)
14 Fla.Jur.2d Criminal Law, § 27 (1979).
Since sanity is the normal and usual condition of mankind and the law presumes that every individual is sane, the burden devolves on the one charged with a crime to overcome such presumption and establish his plea of insanity by showing that he was legally insane at the time of the commission of the act in question. But where an accused has raised a reasonable doubt as to his sanity at the time of the offense, or even where such reasonable doubt appears from the prosecutor's case, the sanity of the accused must be proved by the prosecution as any other element of the offense, beyond a reasonable doubt. (Footnotes omitted.)
*1168 14 Fla.Jur.2d Criminal Law, § 35 (1979). See also State ex rel. Boyd v. Green, 355 So.2d 789 (Fla. 1978).
In essence appellant's defense in this case was that his actions against the victim resulted from an isolated and temporary mental breakdown. In considering the validity of such assertion we believe the jury was entitled to know that the appellant had engaged in virtually the identical conduct on a prior occasion. This evidence, of course, may give rise to differing inferences. One inference may be that the appellant's conduct, as opposed to being an isolated instance, was merely one episode in a series of wilful actions. Another inference may be that the alleged mental instability of the appellant is one of long standing and the occurrence of the prior episode simply adds credence to its existence. Regardless of these possibly conflicting inferences, however, we cannot accept the appellant's contention that the prior act was not relevant to a determination of his mental state at the time of the subsequent act.[2]
We also cannot agree that the prior act was too far removed in time to be relevant. While there may come some point in time after which evidence of a defendant's past criminal activity is too remote to be relevant, this point in time will vary from case to case. See McGough v. State, 302 So.2d 751 (Fla. 1974), Gluck v. State, 62 So.2d 71 (Fla. 1952), Crosby v. State, 237 So.2d 286 (Fla.2d DCA 1970), Jones v. State, 398 So.2d 987 (Fla. 4th DCA 1981). Recently, this court determined that evidence of collateral crimes occurring as much as eighteen years prior to the offense for which the defendant was on trial was properly admitted. Espey v. State, 407 So.2d 300 (Fla. 4th DCA 1981). Espey is distinguishable from the case at bar in that it involved a continuing pattern of sexual criminality on the part of the defendant towards his children and grandchildren, whereas the two crimes at issue here were committed upon adult victims and took place at different times and places. In our view, however, the two attacks at issue here were of such remarkable similarity as to render evidence of appellant's mental state during the earlier attack relevant at his trial for the more recent attack. See Cotita v. State, 381 So.2d 1146 (Fla. 1st DCA 1980), pet. for rev. denied 392 So.2d 1373 (Fla. 1981). We agree with the trial court that such relevance is underscored by the fact that appellant was incarcerated for most of the period between the two offenses and hence was precluded from reenacting the offense much sooner than he actually did.
Accordingly, having found no error by the trial court, we affirm the judgment and sentence.
HERSEY and HURLEY, JJ., concur.
NOTES
[1] In Williams v. State, 110 So.2d 654, 663 (Fla. 1959), cert. denied 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959), the Supreme Court held that "evidence of any facts relevant to a material fact in issue except where the sole relevancy is character or propensity of the accused is admissible unless precluded by some specific exception or rule of exclusion."
[2] The Florida Supreme Court, although treating the issue in a different context, has noted that a defendant pleading insanity may end up proving himself guilty while trying to establish his insanity. Parkin v. State, 238 So.2d 817 (Fla. 1976).