419 So.2d 346 (1982)
Claude R. HODGE, Appellant,
v.
STATE of Florida, Appellee.
No. 81-1291.
District Court of Appeal of Florida, Second District.
August 4, 1982.
Rehearing Denied September 14, 1982.
Larry C. Hoffman, Clearwater, and Robert G. Kipp, Dunedin, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and William E. Taylor, Asst. Atty. Gen., Tampa, for appellee.
*347 GRIMES, Judge.
Once again we face the difficult question of deciding when Williams rule testimony is admissible in a case involving sex crimes against a child.
Appellant was charged with two counts of sexual battery against his stepdaughter in violation of section 794.011(4)(b) and (e), Florida Statutes (1979). The stepdaughter, Sabrina Hodge, testified that appellant committed numerous acts of sexual battery against her when she was eleven years old under threat of physical harm. Over the appellant's objection, the state introduced the testimony of appellant's natural daughter, Renee Gamble. She stated that appellant had committed frequent acts of sexual battery against her by threats of violence when she was ten years of age. The appellant was convicted as charged. We affirm.
Appellant contends that the testimony of Renee Gamble was irrelevant and highly prejudicial in that it tended to prove only his bad character and propensity to commit sex crimes. He also argues that the acts described by Renee Gamble were not sufficiently similar, even if relevant, to qualify for admission under section 90.404(2), Florida Statutes (1979), and Williams v. State, 110 So.2d 654 (Fla. 1959).
Much has been written on this subject, but the law in Florida remains in doubt. The testimony concerning Renee was clearly admissible under the line of decisions which has permitted similar fact testimony for the purpose of showing a "pattern of criminality." Jones v. State, 398 So.2d 987 (Fla. 4th DCA 1981); Cotita v. State, 381 So.2d 1146 (Fla. 1st DCA 1980); Gossett v. State, 191 So.2d 281 (Fla. 2d DCA 1966). Yet, some argue that permitting the state to submit similar fact testimony to show a "pattern of criminality" amounts to nothing more than allowing proof of bad character and propensity. They argue that one's "pattern of criminality" is not a legitimate issue upon which the state is entitled to submit relevant evidence to prove. Cotita v. State, 381 So.2d 1146, 1151 (Fla. 1st DCA 1980) (Smith, J., dissenting); Jones v. State, 398 So.2d 987, 989 (Fla. 4th DCA 1981) (Anstead, J., dissenting). Cf. Duncan v. State, 291 So.2d 241 (Fla. 2d DCA 1974), in which this court pointed out that proof of modus operandi is not an end in itself. In State v. Rush, 399 So.2d 527 (Fla. 2d DCA 1981), we acknowledged the difficulty of reconciling the proving of a pattern of criminality with the dictates of section 90.404(2) and recommended that the Evidence Code be amended to explicitly admit similar fact evidence in child sexual molestation cases.
In the instant case, we need not entirely rest our decision to affirm on the premise that Renee's testimony was admissible to establish a pattern of criminality. Under section 794.011(4), the state must prove the victim's lack of consent as an element of the crime. The similar fact evidence demonstrating that appellant had perpetrated coerced sexual battery upon another young female member of his family was certainly relevant on the issue of lack of consent. Even Williams, itself, recognized the relevancy of similar fact evidence to meet the anticipated defense of consent in a rape case. Williams v. State, 110 So.2d at 663. In presenting its case in chief, the state could not run the risk of assuming that the lack of consent would not be an issue. Therefore, because Renee's testimony was relevant to an issue in the case, it was properly admitted even if it had the incidental effect of blackening appellant's character in the eyes of the jury.
Our holding does not collide with the supreme court's recent decision in Coler v. State, 418 So.2d 238 (Fla. 1982), because the lack of consent was not an issue in that case which involved sexual batteries upon children under the age of eleven. Moreover, we read that case only as holding that the trial court erred in permitting evidence of the defendant's bizarre sexual behavior not committed directly against the defendant's children.
Finally, we reject appellant's contention that the testimony of Renee Gamble did not qualify as similar fact evidence because of the differences in the specific sexual *348 batteries and the remoteness of time and place. The fact that appellant committed oral sex upon the somewhat younger Renee and vaginal sex upon Sabrina does not serve to make his actions dissimilar; both consisted of sexual batteries committed directly against the victims. Though occurring eight years ago in Ohio, appellant's use of his familial authority to forcibly commit sexual battery upon a second young female member of his family provided sufficient "identifiable points of similarity" and the "level of uniqueness" as to qualify as similar fact evidence. Espey v. State, 407 So.2d 300 (Fla. 4th DCA 1981).
Appellant's other points on appeal have no merit.
AFFIRMED.
OTT, C.J., and HOBSON, J., concur.