STONE, Chief Judge.
The judgment and sentence are affirmed.
Appellant, a licensed psychologist, was convicted of sexual misconduct by a psychotherapist under section 491.0112, Florida Statutes.
Appellant was charged under subsection two of the statute, which prohibits sexual misconduct “by means of a therapeutic deception” which is defined to mean “a representation to the client that sexual contact by the psychotherapist is consistent with or part of the treatment of the client.” § 491.0112(4)(b). The record reveals ample evidence from which the jury could find Appellant guilty of making such a representation.
Initially, we find no error in denying Appellant’s motion for judgment of acquittal as the evidence demonstrates, prima facie, that Appellant used therapeutic deception to convince the female victim to engage in prohibited sexual conduct. See Lynch v. State, 293 So.2d 44, 45 (Fla.1974). Appellant counseled the victim-patient for low self-esteem in an effort to help her avoid gaining weight. In the course of the counseling, Appellant raised issues involving the victim’s sexuality. He told the victim that he wanted to prepare her for future sexual relationships, and suggested that her self-esteem would be improved by masturbation. During a subsequent session, Appellant asked the victim to masturbate in front of him, so he could “help” her; she complied. Appellant then digitally penetrated the victim. He told her that he did this so that she would feel good about herself, and that he only wanted what was best for her. He also warned her that “it has to stay between you and I because you cannot tell anyone, since I can get in trouble.” On one occasion, Appellant tried to kiss the victim, and on another, he lowered his pants to demonstrate that she had “excited him.” Appellant told the victim that when she lost weight, his “gift” to her would be that' he would have sex with her.
The victim reported these actions to the police and allowed them to wire her and videotape a meeting at a restaurant. The police recorded Appellant tell the victim that he did not think what happened would be hurtful, since she was “obviously not with someone at the moment, needful, at the mo *1324 ment. You got me needful.” Appellant also essentially admitted that he used his offer to have sex with the victim as an incentive for her to reach her goal weight. Later in the conversation, the victim states “But I came there to build my self-esteem but then I trusted you — ” to which Appellant replied, “that’s what I was trying to do.... The point is that one of the reasons I was doing that to help build — ”
The state called a former patient who was treated by Appellant for stress 20 years earlier. She testified that during their first session Appellant went out of his way to make her feel good about herself. Appellant had asked the witness about her sexual history, representing to her, as he had to the victim in this case, that he was also a sex therapist. During the second visit, he continued to question her about her sex life. Then, he slid his hand up her skirt and inserted his finger into the witness’ vagina, telling her that this would make her “feel good.” She did not return.
We find no abuse of discretion in the court’s admission of the prior act testimony. Section 90.404(2)(a), Florida Statutes (1991), provides:
Similar fact evidence of other crimes, wrongs, or acts is admissible when relevant to prove a material fact in issue, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but is inadmissible when the evidence is relevant solely to prove bad character or propensity.
See also Williams v. State, 110 So.2d 654 (Fla.1959).
Here, the witness’ testimony reveals Appellant’s common scheme, plan, or design to sexually exploit his patients while purporting to help them improve self-esteem and feel good about themselves. Similar fact evidence of collateral crimes may be admitted as relevant even if it is not uniquely similar. E.g., Finney v. State, 660 So.2d 674 (Fla.1995); Bryan v. State, 533 So.2d 744 (Fla.1988). See also Gould v. State, 558 So.2d 481 (Fla. 2d DCA 1990), rev’d on other grounds, 577 So.2d 1302 (Fla.1991); State v. Ayala, 604 So.2d 1275 (Fla. 4th DCA 1992). In both instances the victims were married but separated from their husbands. Neither victim sought sexual counseling from Appellant, but rather he initiated their conversations about sex. Both victims were complimented and then digitally penetrated by Appellant in the office during a therapy session. See Woodfin v. State, 553 So.2d 1355 (Fla. 4th DCA 1989); Rossi v. State, 416 So.2d 1166 (Fla. 4th DCA 1982); Townsend v. State, 420 So.2d 615 (Fla. 4th DCA 1982); Anderson v. State, 549 So.2d 807 (Fla. 5th DCA 1989). See also Ayala. We thus find this other incident of alleged sexual misconduct sufficiently similar to be admissible as Williams rule evidence.
Appellant also raises several constitutional issues. As to these, we first note the general presumption of validity in favor of legislative acts, and the need to resolve doubt in favor of the constitutionality of statutes. Carter v. Sparkman, 335 So.2d 802, 805 (Fla.1976); Sarasota County v. Barg, 302 So.2d 737 (Fla.1974); Scarborough v. Newsome, 150 Fla. 220, 7 So.2d 321 (1942). We reject Appellant’s assertion that Florida Statute § 491.0112 (1993) is facially unconstitutional. Appellant alleges that: (1) the statute is overbroad in its potential application to speech and conduct in violation of the First Amendment, (2) the law is void for vagueness because the terms “psychotherapist” and “client” are defined too broadly, (3) subsection one of the statute, not at issue in this prosecution, violates Florida’s constitutional right to privacy by prohibiting sex by consenting adults, and (4) that the statute violates equal protection by creating a distinct class of otherwise competent adults to receive heightened protection. We have considered and reject each of these and find the statute facially constitutional.
Appellant first alleges that the statute is overbroad. A statute is overbroad when it restricts speech or conduct that is protected under the First Amendment. State v. Greco, 479 So.2d 786 (Fla. 2d DCA 1985). The Florida Supreme Court has recognized that, “the overbreadth doctrine is an unusual doctrine that must be used sparingly, especially where the statute in question is primarily meant to regulate conduct and not *1325 merely pure speech.” Schmitt v. State, 590 So.2d 404, 412 (Fla.1991); Wilkerson v. State, 401 So.2d 1110 (Fla.1981). See also Broadrick v. Oklahoma, 413 U.S. 601, 615, 93 S.Ct. 2908, 2917-18, 37 L.Ed.2d 830 (1973).
The Supreme Court of Colorado recently held a similar statute constitutional, and found that it was not unconstitutionally over-broad. See Ferguson v. People, 824 P.2d 803 (Colo.1992) (en banc). In Ferguson, the court upheld the constitutionality of a Colorado statute prohibiting the knowing infliction of sexual penetration by a psychotherapist on a chent. The court found that the over-breadth doctrine did not apply because there is no fundamental constitutional right for psychotherapists to engage in sexual relations with their patients. The court reasoned that:
Notwithstanding the elevated constitutional status accorded to certain privacy and associational interests, the Supreme Court has emphasized that there is no open-ended immunity for consenting adults to engage in any and all types of sexual behavior. On the contrary, the court has emphasized that its fundamental-right jurisprudence does not stand for the proposition “that any kind of private sexual conduct between consenting adults is constitutionally insulated from state proscription.” Bowers v. Hardwick, 478 U.S. 186, 191, 106 S.Ct. 2841, 2844, 92 L.Ed.2d 140 (1986). Thus, while certain private activities and intimate relationships may qualify for the elevated status of fundamental constitutional rights, it has never been the law that consenting adults, solely by virtue of their adulthood and consent, have a constitutionally protected privacy or associational right to engage in any type of sexual behavior of their choice under any circumstance.
Ferguson, 824 P.2d at 808.
However, Florida’s statute differs from Colorado’s statute in one critical respect: Colorado’s statute prohibits sexual activity only when there is an ongoing professional relationship. Florida’s statute prohibits a sexual relationship between a psychotherapist and patient even after the professional relationship is terminated, where “the professional relationship is terminated primarily for the purpose of engaging in sexual contact.” § 491.0112(1). Appellant argues that the statute is overbroad since it does not allow any way to pursue a romantic relationship no matter how brief the professional relationship or how sincere the feelings.
This aspect of the challenge is patently inapplicable to the charge against Appellant since his alleged sexual misconduct occurred while the professional relationship was ongoing. However, Appellant argues that he has standing to question the facial validity of a statute as a whole, since the statute would deter or threaten others not before the court from engaging in constitutionally protected speech or expression. See ATS Melbourne, Inc. v. City of Melbourne, 475 So.2d 1257 (Fla. 5th DCA 1985); Wyche v. State, 619 So.2d 231 (Fla.1993). The overbreadth doctrine has been recognized as allowing persons who are themselves unharmed by the defect in a statute to nevertheless challenge the statute on the ground that it may be applied unconstitutionally to others. E.g., Dimmitt v. City of Clearwater, 985 F.2d 1565, 1571 (11th Cir.1993) (under over-breadth doctrine, ear dealer, who displayed a government flag, had standing to attack ordinance on the ground that it places greater restrictions upon flags which do not represent a government body, even though dealer violated ordinance because of number, and not the type of flags displayed). See also, Board of Trustees of State Univ. of N.Y. v. Fox, 492 U.S. 469, 109 S.Ct. 3028, 106 L.Ed.2d 388 (1989).
It is established that the First Amendment protects certain fundamental intimate relationship rights. State v. Conforti, 688 So.2d 350 (Fla. 4th DCA 1997). See also Roberts v. U.S., 468 U.S. 609, 104 S.Ct. 3244, 82 L.Ed.2d 462 (1984); McCabe v. Sharrett, 12 F.3d 1558, 1563 (11th Cir.1994). However, we need not determine whether Appellant has standing to challenge subsection one of the statute because we find that the statute clearly is not overbroad. The Supreme Court has recognized that the overbreadth doctrine is “strong medicine” and must be used only in the most compelling circumstances. New York v. Ferber, 458 U.S. 747, *1326 768, 102 S.Ct. 3348, 3360-61, 73 L.Ed.2d 1113 (1982). “Particularly where conduct and not merely speech is involved ... the over-breadth of a statute must not only be real, but substantial as well, judged in relation to the statute’s plainly legitimate sweep.” Broadrick v. Oklahoma, 413 U.S. 601, 615, 93 S.Ct. 2908, 2918, 37 L.Ed.2d 830 (1973). “Thus, even if there are marginal applications in which a statute would infringe on First Amendment values, facial invalidation is inappropriate if the remainder of the statute ... covers a whole range of easily identifiable and constitutionally proscribable conduct.” Parker v. Levy, 417 U.S. 733, 760, 94 S.Ct. 2547, 2563, 41 L.Ed.2d 439 (1974), quoting, United States Civil Serv. Comm’n v. National Ass’n of Letter Carriers, 413 U.S. 548, 580-81, 93 S.Ct. 2880, 2898, 37 L.Ed.2d 796 (1973). The courts “have never held that a statute should be held invalid on its face merely because it is possible to conceive of a single impermissible application.” Broadrick, 413 U.S. at 630, 93 S.Ct. at 2925 (Brennan, J., dissenting). In the instant case, the statute’s legitimate reach clearly dwarfs its arguably impermissible application. We thus reject Appellant’s overbreadth challenge because the overbreadth involved is not substantial when weighed against “legitimate state interests in maintaining comprehensive controls over harmful, constitutionally unprotected conduct.” Pallas v. State, 636 So.2d 1358, 1363 (Fla. 3d DCA 1994), approved, 654 So.2d 127 (Fla.1995). See Young v. American Mini Theatres, Inc., 427 U.S. 50, 96 S.Ct. 2440, 49 L.Ed.2d 310 (1976) (a statute’s deterrent effect on legitimate expression must be both real and substantial).
We briefly address Appellant’s assertion that the definitions of “psychotherapist” and “client” are unconstitutionally vague. The standard for testing vagueness under Florida law is whether the statute gives a person of ordinary intelligence fair notice of what constitutes forbidden conduct. Brown v. State, 629 So.2d 841, 842 (Fla.1994). However, a party who engages in conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others. Plante v. Department of Bus. and Prof'l Regulation, 685 So.2d 886 (Fla. 4th DCA 1996). See also Wilkerson. Here, Appellant’s sexual misconduct was clearly proscribed and the evidence reflects that Appellant knew his activities were prohibited.
Appellant also asserts a right to protection under the Florida Constitution’s right to privacy provision. Art. 1, § 23, Fla. Const. The privacy provision in Florida’s Constitution embraces more privacy interests and extends more protection than does the Federal Constitution. In re T.W., 551 So.2d 1186 (Fla.1989). Because privacy rights are fundamental, once the provision is implicated, it is evaluated under the compelling state interest standard. City of N. Miami v. Kurtz, 653 So.2d 1025 (Fla.1995). Under this standard, the state has the burden of demonstrating that the challenged regulation serves a compelling state interest and accomplishes its goal by the least intrusive means. Winfield v. Division of Pari-Mutuel Wagering, 477 So.2d 544 (Fla.1985). We conclude that in this ease there is patently a compelling state interest supporting the statute.
Furthermore, before a right to privacy attaches, a reasonable expectation of privacy must exist. State v. Long, 544 So.2d 219 (Fla. 2d DCA), approved, 570 So.2d 257 (Fla.1990). We find that Appellant had no reasonable expectation of privacy in the challenged conduct. We recognize that the Florida Supreme Court has previously held that one has a reasonable expectation of privacy in carnal intercourse. See B.B. v. State, 659 So.2d 256, 259 (Fla.1995); Shevin v. Byron, Harless, Schaffer, Reid and Assocs., Inc., 379 So.2d 633, 636 (Fla.1980). However, there is no legitimate reasonable expectation of privacy in using therapeutic deception to promote and engage in sexual activities with a patient. Thus, as applied, Appellant’s right to privacy was not violated because he had no expectation of privacy in using therapeutic deception.
Neither have Appellant’s substantive due process rights been violated. There clearly is no fundamental due process right for a therapist to use therapeutic deception to engage a client in sexual activities. In the absence of a fundamental constitution *1327 al right, the rational-basis standard of review is appropriate. Ferguson. Clearly the state may enact laws to protect particularly vulnerable members of society from sexual exploitation. Jones v. State, 640 So.2d 1084, 1086 (Fla.1994) (upholding Florida’s statutory rape laws). Clients seeking psychological advice are frequently in a particularly vulnerable state and may develop a dependency relationship with their therapist. Ferguson at 810. The state has a legitimate interest in protecting psychotherapy clients from sexual exploitation and in maintaining the integrity of this important public health service.
The statute is also not invalid for denying equal protection of law. In the absence of a suspect classification or invasion of fundamental interest, the constitution merely requires classifications to be rationally related to a legitimate state interest. Haves v. City of Miami, 52 F.3d 918 (11th Cir.1995). Because therapists are not a suspect class, and there is no fundamental right to use therapeutic deception to engage in sexual activities with clients, the rational basis standard of review is applicable to the classifications made in the instant case. In Ferguson, the Colorado Supreme Court concluded that prohibiting therapists from engaging in sexual misconduct with their patients did not violate equal protection, reasoning:
The special character of psychotherapeutic treatment, involving as it frequently does a person who is in a vulnerable emotional state and likely to develop an extreme dependency relationship with the therapist, provides a reasonable basis in fact for the legislative decision to limit the scope of the statutory scheme to the psychotherapeutic relationship. This limitation is reflective of a legislative judgment that there presently exists a more urgent need to address the problem of sexual exploitation in the psychotherapist-client relationship than in other health-care professional relationships.
Id. at 811.
We also affirm as to all other issues raised by Appellant. Therefore, the judgment and sentence are affirmed.
SHAHOOD, J., concurs.
WARNER, J., concurs specially with opinion.