953 So.2d 585 (2007)
STATE of Florida, Appellant,
v.
Damien Tavelle BRYANT, Appellee.
No. 1D06-2075.
District Court of Appeal of Florida, First District.
March 7, 2007.
Rehearing Denied April 17, 2007.
*586 Bill McCollum, Attorney General, and Christine Ann Guard, Assistant Attorney General, Tallahassee, for Appellant.
Nancy A. Daniels, Public Defender, and David P. Gauldin, Assistant Public Defender Tallahassee, for Appellee.
ALLEN, J.
In this direct criminal appeal, the appellant challenges an order by which the trial court granted the appellee's motion to dismiss a count of an information charging the appellee with using drug paraphernalia to transport cocaine in violation of section 893.147(4), Florida Statutes. The trial court's ruling was based upon its conclusion that section 893.147(4) is unconstitutional because the statutory term "transport" is overbroad and vague. We disagree, reverse the order under review, and remand this case to the trial court.
After he was detained for a moving traffic violation, the appellee was found to be in possession of two cocaine rocks which were contained within a vial he was carrying in the pocket of his trousers. As a consequence of these circumstances, the appellee was charged with violation of section 893.147(4), which provides that it is
unlawful to use, possess with the intent to use, or manufacture with the intent to use drug paraphernalia, knowing or under circumstances in which one reasonably should know that it will be used to transport:
(a) A controlled substance in violation of this chapter; or
(b) Contraband as defined in s. 932.701(2)(a)1.
Section 893.145, Florida Statutes, defines drug paraphernalia as
all equipment, products, and materials of any kind which are used, intended for use, or designed for use in planting, propagating, cultivating, growing, harvesting, *587 manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packaging, repackaging, storing, containing, concealing, transporting, injecting, ingesting, inhaling, or otherwise introducing into the human body a controlled substance in violation of this chapter or s. 877.111.
And section 893.145 further specifies that "drug paraphernalia" includes "[c]apsules, balloons, envelopes, and other containers used, intended for use, or designed for use in packaging small quantities of controlled substances," as well as "[c]ontainers and other objects used, intended for use, or designed for use in storing, concealing, or transporting controlled substances."
We reject the trial court's conclusion that the term "transport," as used in section 893.147(4), rendered the statute unconstitutionally overbroad. Legislation is overbroad when it is drafted in a manner that may be applied to conduct protected by the First Amendment. See Sult v. State, 906 So.2d 1013 (Fla.2005); Southeastern Fisheries Ass'n, Inc. v. Department of Natural Resources, 453 So.2d 1351 (Fla.1984). Because there is no danger of any such constitutionally-protected conduct being impacted here, section 893.147(4) is not overbroad.
We likewise reject the trial court's conclusion that the same term makes the statute unconstitutionally vague. Legislation is unconstitutionally vague when it fails to give adequate notice of what conduct is prohibited or when it invites arbitrary and discriminatory enforcement. See Simmons v. State, 944 So.2d 317 (Fla.2006); Southeastern Fisheries, 453 So.2d at 1353.
Common understanding and reason must be used when analyzing a statute, and words of common usage not specifically defined must be given their plain and ordinary meaning. Southeastern Fisheries, 453 So.2d at 1353. "Transport" is a word which clearly communicates to both law enforcement officers and members of the general public the concept of conveying a thing from one place to another. For example, it is defined in Black's Law Dictionary 1537 (8th ed.2004) as "[t]o carry or convey (a thing) from one place to another," and it is defined in Webster's Ninth New Collegiate Dictionary 1255 (1989) as "to transfer or convey from one place to another." Although the use of this term in conjunction with the broad statutory definition of drug paraphernalia means that section 893.147(4) will likely apply to a significant number of individuals who at some point possess such paraphernalia or certain controlled substances or contraband, there is nothing unconstitutionally vague about the term itself or the manner in which it is used in the statute.
The order under review is accordingly reversed and this case is remanded.
KAHN and DAVIS, JJ., concur.