ORFINGER, J.
The State appeals the county court’s order declaring section 250.43(2), Florida Statutes (2007), unconstitutional. This Court has jurisdiction. Fla. R.App. P. 9.030(b)(1)(A). The State argues that the trial court erred by concluding that section 250.43(2), regulating the wearing of military uniform and insignia, was unconstitutionally overbroad and violates the right to due process. We disagree and affirm.
A Transportation Security Administration (TSA) agent at the Orlando International Airport noticed Fernando Montas wearing a U.S. Army uniform, standing in an unmarked, expedited security lane utilized by military and security personnel. The alert TSA agent considered it odd that Montas’s hair was longer than allowed in the military. When he could not produce a military ID, Montas admitted that he was not in the Army. He was arrested and charged with one count of wearing a uniform and insignia of rank, in violation of section 250.43, Florida Statutes (2007).[1] On Montas’s motion and after a hearing, the trial court determined that section 250.43 was unconstitutionally overbroad and violated the due process clause. This appeal followed.
We review a trial court’s decision on the constitutionality of a state statute de novo. Ocala Breeders’ Sales Co. v. Fla. Gaming Ctrs., Inc., 731 So.2d 21, 24 (Fla. 1st DCA 1999); see also N. Fla. Women’s Health & Counseling Servs., Inc. v. State, 866 So.2d 612, 626-27 (Fla.2003). There is a “strong presumption in the law that a state statute is constitutionally valid.” Ocala Breeders’ Sales Co., 731 So.2d at 24 (citing In re Estate of Caldwell, 247 So.2d 1 (Fla.1971)).
“A statute is overbroad when legal, constitutionally protected activities are criminalized as well as illegal, unprotected activities, or when the Legislature sets a net large enough to catch all possible offenders and leaves it to the courts to step inside and determine who is being lawfully detained and who should be set free.” Schultz v. State, 361 So.2d 416, 418 (Fla.1978) (citing Coates v. Cincinnati, 402 U.S. 611, 91 S.Ct. 1686, 29 L.Ed.2d 214 (1971); State v. Wershow, 343 So.2d 605 (Fla.1977)). However, “the overbreadth doctrine is an unusual doctrine that must be used sparingly, especially where the stat *1130 ute in question is primarily meant to regulate conduct and not merely pure speech.” Shapiro v. State, 696 So.2d 1321, 1324-25 (Fla. 4th DCA 1997) (quoting Schmitt v. State, 590 So.2d 404, 412 (Fla.1991)).
In the context of the First Amendment, an overbroad statute is one that restricts protected speech or conduct. Shapiro, 696 So.2d at 1324-25; see State v. Bryant, 953 So.2d 585, 587 (Fla. 1st DCA 2007) (“Legislation is overbroad when it is drafted in a manner that may be applied to conduct protected by the First Amendment.”). Even if speech or conduct is unprotected by the First Amendment, “[t]he overbreadth doctrine prohibits the Government from banning unprotected speech if a substantial amount of protected speech is prohibited or chilled in the process.” Ashcroft v. Free Speech Coalition, 535 U.S. 234, 255, 122 S.Ct. 1389, 152 L.Ed.2d 403 (2002). Thus, “a person may attack a statute on grounds of overbreadth even though the conduct of the person is clearly unprotected and could be proscribed by a law drawn with the requisite specificity.”[2] State v. Greco, 479 So.2d 786, 789 (Fla. 2d DCA 1985) (citing New York v. Ferber, 458 U.S. 747, 769, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982)).
The State argues that Montas does not have a fundamental right to wear a military uniform; thus, his conduct is not protected by the First Amendment. “In deciding whether particular conduct possesses sufficient communicative elements to bring the First Amendment into play, [the test is] whether ‘[a]n intent to convey a particularized message was present, and [whether] the likelihood was great that the message would be understood by those who viewed it.’ ” Texas v. Johnson, 491 U.S. 397, 404, 109 S.Ct. 2533, 105 L.Ed.2d 342 (1989) (quoting Spence v. Washington, 418 U.S. 405, 410-11, 94 S.Ct. 2727, 41 L.Ed.2d 842 (1974)). Montas argues that he was wearing the uniform as an act of patriotism and to support members of his family who are in the military. While we doubt that such a message would be perceived by those observing him in uniform, we can conceive of situations when a person might wear some part of a military uniform to communicate a message. For instance, a person might do so to express his support of the troops or to protest military action.
Because section 250.43 potentially implicates protected speech or conduct, we must determine if it is supported by a compelling governmental interest and is narrowly drawn to protect that interest. Firestone v. News-Press Pub. Co., 538 So.2d 457, 459 (Fla.1989) (“Restrictions on first amendment rights must be supported by a compelling, governmental interest and must be narrowly drawn to insure that there is no more infringement than is necessary.”). We agree with the trial court *1131 that the State has a compelling interest in ensuring that the public is not deceived by people impersonating members of the military. See Rodriguez v. State, 906 So.2d 1082, 1089-90 (Fla. 3d DCA 2004). However, we also agree with the trial court’s determination that the statute has the potential to criminalize wholly innocent conduct, and is not narrowly-tailored to address its goal.
Generally, a statute that has the potential to criminalize constitutionally protected, innocent activity as well as illegal, unprotected activity is impermissibly overbroad, and violates due process. See Schultz, 361 So.2d at 418; Siplin v. State, 972 So.2d 982, 989 n. 8 (Fla. 5th DCA 2007) (“Generally, it violates substantive due process to criminalize purely innocent conduct.”) (citing State v. Giorgetti, 868 So.2d 512 (Fla.2004)). In Suit v. State, 906 So.2d 1013 (Fla.2005), and Rodriguez v. State, 906 So.2d 1082 (Fla. 3d DCA 2004), the Florida Supreme Court and the Third District Court faced a similar issue, providing guidance in this case. In Suit and Rodriguez, the courts addressed the constitutionality of section 843.085, Florida Statutes, which criminalizes the unauthorized display of a police badge or other law enforcement indicia. In relevant part, that statute makes it unlawful for any person:
[T]o wear or display any authorized indi-cia of authority, including any badge, insignia, emblem, identification card, or uniform, or any colorable imitation thereof, of any federal, state, county, or municipal law enforcement agency, or other criminal justice agency as now or hereafter defined in s. 943.045, which could deceive a reasonable person into believing that such item is authorized by any of the agencies described above for use by the person displaying or wearing it, or which displays in any manner or combination the word or words “police,” “patrolman,” “agent,” “sheriff,” “deputy,” “trooper,” “highway patrol,” “Wildlife Officer,” “Marine Patrol Officer,” “state attorney,” “public defender,” “marshal,” “constable,” or “bailiff,” which could deceive a reasonable person into believing that such item is authorized by any of the agencies described above for use by the person displaying or wearing it.
§ 843.085(1), Fla. Stat.
In both cases, the courts determined that that statute prohibited both constitutionally protected and unprotected conduct. Sult, 906 So.2d at 1021; Rodriguez, 906 So.2d at 1089-90. In reaching this conclusion, the Third District noted that a t-shirt expressing support of the police or making a political statement about a candidate for sheriff would be prohibited by the statute. A police uniform worn as a Halloween costume would also be illegal. Rodriguez, 906 So.2d at 1090 n. 3. Section 250.43, criminalizing the unauthorized wearing of a military uniform, imitation uniform, or any part thereof, also makes similar activities illegal. For example, this statute would criminalize a child wearing his parent’s Army boots or a person wearing an imitation military uniform for Halloween.
The Suit and Rodriguez courts also determined that section 843.085 was over-broad and violated due process because it did not differentiate between innocent conduct, and conduct intended to deceive the public. Sult, 906 So.2d at 1021; Rodriguez, 906 So.2d at 1088. The Suit court concluded that there was no way to read a specific intent to deceive element into the statute to create a narrower reading limiting its scope to unprotected conduct. 906 So.2d at 1022. In the same way, section 250.43 fails to contain a specific intent element. It contains no requirement that the action be taken with the intent to *1132 deceive a reasonable person or in an effort to impersonate a member of the military. The State urges us to adopt a narrower construction of the statute to limit the statute’s scope to unprotected conduct. However, “[cjourts may not go so far in their narrowing constructions so as to effectively rewrite legislative enactments.” Wyche v. State, 619 So.2d 231, 236 (Fla.1993) (citing Firestone, 538 So.2d at 460; Brown v. State, 358 So.2d 16, 20 (Fla.1978)). Here, the State does not suggest an alternative reading of the statute, and we can find no logical way to read a specific intent element into the statute as it is written.
Although section 250.43 differs from section 843.085 in several respects, the Florida Supreme Court’s reasoning in Suit and the Third District Court’s rationale in Rodriguez apply here. Without a specific intent element, section 250.43 clearly criminalizes both innocent, protected conduct and unprotected conduct, and is on that basis both overbroad and a violation of due process. Further, while section 250.43 addresses a compelling government interest, it is not narrowly-tailored to ensure that there is no more infringement than is necessary to protect that interest. Finally, there is no way to read the statute more narrowly without rewriting it. Therefore, we affirm the trial court’s ruling that section 250.43 is unconstitutionally overbroad and violates due process.
AFFIRMED.
TORPY and COHEN, JJ., concur.

. In its entirety, section 250.43, Florida Statutes (2007), provides:
(1) The uniform or insignia of rank worn by officers of the Florida National Guard shall be worn only by persons entitled thereto by commission under the laws of the state or the United States. Any person violating this subsection commits a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083, and may also be punished as a court-martial directs.
(2) Every person other than an officer or enlisted person of the Florida National Guard, naval militia, or marine corps of this state, any other state, Puerto Rico, or the District of Columbia, or of the United States Army, Navy, Marine Corps, or Air Force, who wears the uniform of the United States Army, Navy, Marine Corps, Air Force, National Guard, Naval Militia, or Marine Corps or any part of such uniform, or a uniform or part of uniform similar thereto, or in imitation thereof, within the bounds of the state, except in cases where the wearing of such uniform is permitted by the laws of the United States and the regulations of the Secretary of Defense, commits a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083. This section does not prohibit persons in the theatrical profession from wearing such uniforms while actually engaged in such profession, in any playhouse or theater, in a production in no way reflecting upon such uniform; does not prohibit the uniform rank of civic societies parading or traveling in a body or assembling in a lodge room; and does not apply to cadets of any military school or to Boy Scouts or Girl Scouts.

. Generally, in order for a party to challenge a statute on the ground of overbreadth, he "is required to establish that [his] own admitted conduct was wholly innocent and its proscription not supported by any rational relationship to a proper governmental objective.” State v. Ashcraft, 378 So.2d 284, 285 (Fla.1979). The State contends that Montas failed to show that his conduct was wholly innocent. Instead, the State maintains that Montas was wearing the uniform to circumvent security at the Orlando International Airport. Even if Montas’s actions were not innocent, "[w]here the asserted overbreadth of a law may have a chilling effect on the exercise of first amendment freedoms, a challenge will be permitted even by one who does not show that his own conduct is innocent and not subject to being regulated by a narrowly drawn statute.” Id. (citing Bigelow v. Virginia, 421 U.S. 809, 95 S.Ct. 2222, 44 L.Ed.2d 600 (1975); Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L,Ed.2d 22 (1965)). Therefore, Montas has standing to challenge the constitutionality of the statute.