WETHERELL, J.
The Citrus County School Board seeks review of a final order of the Department of Financial Services (DFS) imposing a $13,250 penalty on the School Board under section 440.20(8)(b), Florida Statutes. The School Board argues that DFS erred in construing the phrase “late payments” in the statute to include payments made within seven days after they were due. Because DFS did not err in construing the statute, we affirm the final order.
DFS conducted an audit of the School Board’s workers’ compensation claims for the period of September 26, 2004, to September 25, 2009. The auditor reviewed 498 temporary indemnity payments and found that 169 of the payments were made after their due date. Only four of the payments were made more than seven days after they were due. DFS concluded that all 169 payments made after their due date were “late payments” for purposes of section 440.20(8)(b) and it calculated the penalty based on this conclusion. The School Board filed a petition for administrative hearing, arguing that the penalty should have be calculated based only on the four payments made more than seven days after their due date because that is what section 440.20(6)(a) refers to as “late payments.” DFS rejected this argument after an informal hearing.
The sole issue on appeal is whether, for purposes of section 440.20(8)(b), the phrase “late payments” should be interpreted to mean payments made after the date they were due, as DFS contends, or payments made more than seven days after they were due, as urged by the School Board. Our review of this issue of statutory interpretation is de novo. See Murray v. Mariner Health, 994 So.2d 1051, 1056 (Fla.2008).
“When the language of the statute is clear and unambiguous and conveys a clear and definite meaning ... the statute must be given its plain and obvious meaning.” Fla. Dep’t of Revenue v. New Sea Escape Cruises, Ltd., 894 So.2d 954, 960 (Fla.2005) (quoting A.R. Douglass, Inc. v. McRainey, 102 Fla. 1141, 137 So. 157, 159 (1931)). In construing a statute, we presume that the Legislature knows the meaning of the words it uses and that it intends to employ those meanings in the statute. Overstreet v. State, 629 So.2d 125, 126 (Fla.1993); see also State v. Bryant, 953 So.2d 585, 587 (Fla. 1st DCA 2007) (“Common understanding and reason must be used when analyzing a statute, and words of common usage not specifically defined must be given their plain and ordinary meaning.”).
Section 440.20(8)(b) provides in pertinent part:
In order to ensure carrier compliance under this chapter, the office shall monitor, audit, and investigate the performance of carriers. The office shall require that all compensation benefits are timely paid in accordance with this section. The office shall impose penalties for late payments of compensation that are below a minimum 95 percent timely payment performance standard. The carrier shall pay to the Workers’ Compensation Administration Trust Fund a penalty of:
1. Fifty dollars per number of installments of compensation below the 95 percent timely payment performance standard and equal to or greater than a *1129 90 percent timely payment performance standard. .
2. One hundred dollars per number of installments of compensation below a 90 percent timely payment performance standard.
This section does not affect the imposition of any penalties or interest due to the claimant.
§ 440.20(8)(b), Fla. Stat. (emphasis added).
The language in section 440.20(8)(b) is clear and unambiguous. The second sentence of the statute requires benefits to be “timely paid.” The third sentence provides for the imposition of penalties for “late payments.” Reading these two sentences together leads to the inescapable conclusion that a payment that is not timely paid when it is due is a late payment. This interpretation is consistent with the common meaning of the term “late,” which is defined as “tardy; coming after an appointed or expected time.” Black’s Law Dictionary 898 (8th ed. 2004). This interpretation is also consistent with and furthers the purpose of the Workers’ Compensation Law, which is to provide an “efficient self-executing system” that “ensure[s] the prompt delivery of benefits to the injured worker.” § 440.015, Fla. Stat.
The School Board argues that section 440.20(8)(b) should be construed in pari materia with section 440.20(6)(a) because both statutes include the phrase “late payments.” We reject this argument because, although both statutes deal with penalties, they serve different purposes. The penalty imposed by section 440.20(8)(b) is paid into the Workers’ Compensation Trust Fund and serves a regulatory compliance purpose — “to ensure carrier compliance under this chapter” — whereas the penalty imposed by section 440.20(6)(a) is paid to the injured employee as additional compensation. Accordingly, the fact that the Legislature has chosen to provide- a seven-day grace period before penalties must be paid to an injured employee under section 440.20(6)(a) has no bearing on the proper interpretation of section 440.20(8)(b).
For these reasons, we affirm the final order.
AFFIRMED.
MARSTILLER, J., and DODSON, CHARLES W., Associate Judge, concur.